MATAYO, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*October 10—November 5, 1958.*

406

For the appellant there was a brief and oral argument by *Edward T. O'Neill* of Fond du Lac.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J.   The parties agree that "if the employer be under obligation to transport an employee to and from work, the employee is entitled to compensation if injured while being so transported." *Githens v. Industrial Comm.* (1936), 220 Wis. 658, 662, 265 N. W. 662. The Industrial Commission contends that it was entitled to draw the inference that there was no contract whereby Ohlson was obliged to transport Matayo back to Rhinelander. It is true that there was a conflict in the testimony as to Matayo's claim that Ohlson agreed to bring Matayo back to Rhinelander every two weeks. Ohlson did not remember that that was part of the conversation, but Ohlson testified that he understood he would have to see that Matayo had transportation back to Rhinelander when the job was finished. We conclude that the testimony establishes that there was a contract to provide return transportation when the job was completed.

The commission relies on *Goldsworthy v. Industrial Comm.* (1933), 212 Wis. 544, 250 N. W. 427. The situation there involved was essentially and materially different. The court there held that the evidence did not justify an inference that an employer provided transportation pursuant to a contractual obligation. There was no claim of an express agreement on the subject between the employee and the employer. There was evidence that the employer had a truck which left the site of the construction job each Saturday and went to Beloit, a distance of 37 miles, and returned to the job each Sunday, and that a number of the employees who lived in Beloit customarily rode in this truck in order to be at their homes on Sunday. The essential differences in

the situation are clear from the following statement by the court at page 553:

"The transportation so furnished was not in any manner a necessity for the prosecution of the employer's business. Not all of his employees came from Beloit, and there is no suggestion in the record that transportation was furnished to any except Beloit employees. Neither does it appear that it was in anywise necessary for him to recruit his crew from Beloit. Neither was it necessary in order to enable the employees to return to their home. It appears from the record that there was bus and other transportation from Beloit to points in convenient proximity to the camp. It also appears that although the employer's truck was available for transportation, some of the employees went back and forth in their own cars. For this they received no extra compensation. Their compensation started when they entered upon their work Monday morning and stopped when they ceased work on Saturday. In view of all these facts and circumstances, it appears an unwarranted inference that the transportation in this case was furnished by the employer in the discharge of a contractual obligation. It seems plain that it was a mere gratuitous service and but added another to the various modes by which the works or place of employment could be reached."

The commission further contends that the evidence presented a question of fact whether Matayo left Ohlson's employment and became Drake's employee on October 11th. We agree. Ohlson's position at the hearing was essentially that if Matayo wanted a ride back to Rhinelander, he should have gone with Ohlson on October 11th, but chose to remain and work for Drake. Matayo's position was that he was never employed by Drake but remained because Ohlson asked him to help Norman get out three loads of lumber and promised to pay him. Had the commission reviewed the complete transcript of testimony and come to the conclusion it did, its order would have to be sustained.

The commission did not, however, have a transcript of the testimony before it. It did have typewritten synopses prepared by the examiner and in the absence of a claim that the synopses were not "a fair and full statement of the essential testimony," a review based on the synopses rather than on a transcript is a sufficient compliance with sec. 102.18 (3), Stats. *Berg v. Industrial Comm.* (1940), 236 Wis. 172, 294 N. W. 506. In this case, however, it will be evident from the portions of the synopses and testimony set forth in the statement of facts that the synopses convey erroneous impressions of the testimony. Such erroneous impressions are:

(1) That Matayo testified that on October 11th Ohlson told Matayo that Drake wanted Matayo to continue to work;

(2) That Matayo conceded upon cross-examination that Ohlson told Matayo that Drake was taking over the job;

(3) That Drake testified that he took over the job after Ohlson left (October 11th) instead of after Ohlson's men left (October 14th).

The synopses did undoubtedly give the impression that there was little or no dispute about the proposition that on October 11th Ohlson ceased to be the employer and Drake was accepted by Matayo as his new employer; that faced with the choice of returning with Ohlson on October 11th or working for Drake, Matayo chose to work for Drake. It follows that Matayo has not had benefit of the review by the commission which the statute requires and the matter should go back to the commission for proper review and such further proceedings as may then follow.

In *State v. Industrial Comm.* (1956), 272 Wis. 409, 442, 76 N. W. (2d) 362, the state claimed that the commission had failed to review the evidence because the synopses omitted reference to certain portions of the testimony. This court concluded that the award should not be vacated unless the court were "convinced that the omission was so prejudicial

that it is likely that the commission would have reached the opposite conclusion from that which it did if the synopses had set forth an adequate summary of the omitted testimony." In the case before us the difficulty with the synopses is not mere omission of testimony but an erroneous statement of material testimony, the error having the effect of making it appear that there was substantially no conflict when in fact there was one.

The commission also contends that the evidence supports the finding that Matayo was not being transported by Ohlson at the time of his injury. It is true that Matayo was riding with a fellow employee. If, however, Ohlson had a contractual duty to transport Matayo, and if he or his agent directed Matayo to ride in the fellow employee's car in lieu of Ohlson's truck, the injury would be compensable. *Rock County v. Industrial Comm.* (1924), 185 Wis. 134, 200 N. W. 657.

It is true that there is a conflict in the testimony as to a direction by Ohlson that Matayo ride with Domaika. But because of the probability that the commission's interpretation of the testimony on this issue was affected by its determination as to whether there had been a change of employers, we conclude that plaintiff did not have a proper review even though there does not appear to be any significant inaccuracy in the synopses of testimony on the issue of the direction that Matayo ride with Domaika.

*By the Court.*—Judgment reversed, cause remanded with directions to remand the matter to the Industrial Commission for review of the examiner's findings and order.

MARTIN, C. J., and BROWN, J., took no part.