FALKE, Respondent, v. INDUSTRIAL COMMISSION and others, Appellants.

*June 7—June 29, 1962.*

290

For the appellants the cause was argued by *John H. Bowers,* assistant attorney general, for the Industrial Commission, with whom on the brief was *John W. Reynolds,* attorney general; and by *Edward T. O'Neill* of Fond du Lac, for the Chicago Pickle Company and Hartford Accident & Indemnity Company.

For the respondent there was a brief and oral argument by *Arthur M. Wiesender* of Berlin.

HALLOWS, J. On this appeal, the defendant Chicago Pickle Company, its insurer Hartford Accident & Indemnity Company, and the Industrial Commission argue the synopsis was a fair and full statement of the essential testimony, and any omissions of testimony from the synopsis were not so prejudicial that it was likely the commission would have reached an opposite result from that which it did. We have read the synopsis and the transcript of the evidence and have come to the conclusion the trial court was correct in finding the examiner's synopsis, while not affecting his determination, did not fully and adequately reflect the testimony and was prejudicial.

The defendants take the position the alleged accident of October 27, 1958, did not occur and if it did, it was so minor it could not produce the disabling disability claimed by the applicant. Vivian Falke testified to the occurrence of the accident, which was corroborated by an employee. The foreman called by the defendants testified the accident could have happened but he had no recollection that it did. At the close of the day of the accident, Vivian Falke was laid off from work for two weeks. She did not report the accident to her employer. Four days later, she consulted her doctor for the pain in her right shoulder and he told her it was bursitis but did not indicate it was industrially caused. She returned to work after the layoff and worked until March, 1959, when she left work due to a strep throat. Her shoulder became worse and on the advice of her doctor she did not return to work. The doctor then told her the bursitis was industrial. She filed a claim for workmen's compensation, which was denied in March of 1959 by the insurer. At that time she reported no accident in connection with her claim but con-

sidered her disability a result of occupational disease. On April 21, 1959, her doctor referred her to an orthopedic specialist who diagnosed the condition as a "frozen shoulder." On April 24, 1959, in giving a statement to investigators of the insurer, she stated she did not recall any accident at work and had never bumped or wrenched her shoulder. In June, 1959, her condition was correctly diagnosed and surgery performed for a tenovaginitis of the long head of the biceps tendon.

There was also testimony that Vivian Falke, when first examined by her doctors for her shoulder condition, made no mention of the carton-tipping incident. There is some conflict of testimony in the record that she had a history of aching in her shoulder prior to the alleged carton-tipping accident. She testified she did not report the accident or tell it to the doctors because she did not think it was important and the doctors did not advise her that her injury was related to her employment. She also denied having any trouble with her shoulder prior to October, 1958. There was medical testimony that a tenovaginitis can occur without traumatic injury and also that it can be due to trauma. Medical testimony also showed that Vivian Falke's shoulder condition was caused by or aggravated by the carton-tipping incident based on the history that such incident took place.

This case presents a fairly unusual situation where the examiner believed the story of the applicant, and the Industrial Commission, by a divided vote after reading the synopsis of the examiner, reversed his findings, largely if not entirely upon the question of credibility. The trial court in its opinion stated it will be a rule of his court that whenever the commission in the future reversed one of its examiners on the issue of credibility based on demeanor, the commission must first address itself to the entire transcript of testimony and not merely rely on the abbreviated summary con-

tained in the examiner's synopsis. This is the rule in California. See Davis, Institutional Administrative Decisions, 48 Columbia Law Review (1948), 173. We cannot agree that such need be the rule in this state.

We have held that a review by the Industrial Commission on the basis of the examiner's memorandum or synopsis constitutes a permissible and proper review of the evidence under sub. (3) of sec. 102.18, Stats., which requires the Industrial Commission's action to be based on the review of the evidence submitted.[1] These cases are based partly on the proposition the Industrial Commission is an administrative fact-finding agency and the volume of cases for review by the commission from its examiners does not permit the individual commissioners to read the transcript of the testimony which, in many cases, is not available. However, the rule that the Industrial Commission as a fact finder may find facts without actually hearing the witnesses by the process of holding hearings before examiners requires the synopsis of the examiner be an adequate and fair summary of the material testimony so the members of the Industrial Commission may get as accurate an impression of the testimony as the nature of that method of finding facts permits.[2] In most administrative cases, this method is a satisfactory solution to the problem which confronts the Industrial Commission as a fact-finding body working on the unit principle. While the procedure within the commission is appellate in many respects, the ultimate responsibility for finding facts is on the commission, not

---

[1] *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 12 N. W. (2d) 42; *Berg v. Industrial Comm.* (1940), 236 Wis. 172, 294 N. W. 506; *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 102 N. W. (2d) 93; *Wright v. Industrial Comm.* (1960), 10 Wis. (2d) 653, 103 N. W. (2d) 531.

[2] *Matayo v. Industrial Comm.* (1958), 5 Wis. (2d) 401, 92 N. W. (2d) 743; *State v. Industrial Comm.* (1956), 272 Wis. 409, 76 N. W. (2d) 362.

the examiners. In the area involving credibility of witnesses based on demeanor, the internal procedure of the commission is necessarily not perfect because the members of the Industrial Commission who make the finding do not personally see and hear the witnesses. Such cases present a special problem to the commission which should be recognized by it under its fact-finding process.

We have held there is a constitutional right to the benefit of demeanor evidence which is lost if an administrative agency decides the controversy without the benefit of participation of the hearing officer who heard such testimony, and credibility of a witness is a substantial element in the case. *Wright v. Industrial Comm., supra; Shawley v. Industrial Comm.* (1962), 16 Wis. (2d) 535, 114 N. W. (2d) 872. In the latter case, the examiner died who had heard part of the medical testimony and another examiner completed the hearings and we held the commission, although sustaining the finding examiner, had denied due process to the applicant. In *Wright,* two examiners conducted different hearings but both joined in signing the order dismissing the application, which was affirmed by the Industrial Commission and we held there was no denial of due process. In the instant case, the Industrial Commission reversed the sole examiner on demeanor evidence on an incorrect synopsis. The fulfilment of the commission's duty to find the facts is difficult at best upon reading the transcript of the testimony, but that is one of the inherent characteristics of the administrative fact-finding process and impossible on an incomplete and inaccurate synopsis.

We believe the case should be remanded to the Industrial Commission for a re-examination of the testimony in accordance with this opinion. In the instant case, because the synopsis is not adequate and complete, the Industrial Commission should address itself to the transcript of the evidence.

*By the Court.*—Judgment affirmed, but with directions to the trial court to remand the case to the Industrial Commission for reconsideration in accordance with this opinion.

CURRIE, J., dissents.