DENTICE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 19—December 15, 1948.*

For the appellant there was a brief by *Sullivan, Fitzpatrick & Sullivan,* attorneys, and *Eugene J. Sullivan, Dennis M. Sullivan,* and *James A. Fitzpatrick* of counsel, all of Milwaukee, and oral argument by *Mr. Fitzpatrick* and *Mr. Dennis M. Sullivan.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.    The plaintiff, age thirty-nine, was employed by the Allis-Chalmers Manufacturing Company on a boring mill.    On November 7, 1945, while in the course of his employment he hit a nail on the platform on which he was standing with his foot and fell against the boring machine and then against a near-by drill press.    He received medical and hospital attention and on December 17th returned to work. He worked four days and then stayed away until January 7, 1946.    He worked until February 18, 1946, and thereafter did no work because of complaints of numbness in his side and back, floating ribs that felt as if they were "sleeping like they are dead" and "if somebody gets a knife and stabs you." There was medical testimony indicating that the complaints were not a result of the injury.    There was also testimony to the contrary.    He was paid compensation for intermittent disability until July 21, 1946.    The Industrial Commission found that any disability that Dentice had had following July 21, 1946, was not due to the injury sustained while in the employ of the defendant company.    It further found that he sustained no permanent partial disability and ordered the payment of $25.90 additional compensation in full release of liability.    The trial court confirmed the commission's order.

Obviously the question whether any disability that Dentice may have had following July 21, 1946, was due to injury sus-

tained while in the employ of the defendant company presented a question of fact. In addition to the testimony of Dentice there was medical evidence that the disability after July 21, 1946, was due to the injury and there was medical evidence that it was not due to the injury. The examiner upon the evidence presented found:

"That any disability the applicant had following July 21, 1946, was not due to the injury that the applicant sustained while in the employ of the respondent; that the applicant has sustained no permanent partial disability."

Upon a petition for review the Industrial Commission affirmed the finding of the examiner. Upon the hearing in this action for review, judgment was entered affirming the order of the commission. Three triers of fact have found against the contention of the plaintiff. These findings must be affirmed.

The rule is if the evidence before the commission was such as to raise in the minds of the commission a legitimate doubt as to the existence of facts essential to compensation it would be the duty of the commission to deny compensation on the ground that the applicant did not sustain the burden of proving to the satisfaction of the commission that the facts were as he claimed them to be. *Beem v. Industrial Comm.* (1943), 244 Wis. 334, 12 N. W. (2d) 42, and cases cited.

The evidence offered and received in this case is not only sufficient to raise a legitimate doubt in the minds of the commission but it fully sustains the finding of the commission and the judgment of the court. No useful purpose would be served by setting out the evidence in detail. It is not enough for a claimant to offer evidence which would sustain a finding in his favor, but his evidence must be of such a character that upon the whole record the commission can find beyond a legit-

imate doubt that the injuries sustained by the claimant were the result of an accident sustained by the plaintiff while in the course of his employment.

*By the Court.*—Judgment affirmed.