HEMANS, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 8—February 2, 1954.*

102

For the appellant there were briefs by *Leo W. Slensby,* attorney, and *Kivett & Kasdorf, A. W. Kivett,* and *David L. Halverson* of counsel, all of Milwaukee, and oral argument by *Mr. Slensby* and *Mr. Halverson.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents William Pessin, Al Urkofsky, and Maryland Casualty Company there was a brief by *Moore & Prentice* of Milwaukee, and oral argument by *Raymond J. Moore.*

MARTIN, J.   The only question involved is whether there is credible evidence to sustain the findings of the commission. It is well established that if there is such evidence, the findings will not be disturbed on appeal. *Indrebo v. Industrial Comm.* (1932), 209 Wis. 272, 243 N. W. 464.

After thorough examination of the record we are of the opinion that it contains ample credible evidence to support the finding that plaintiff was not performing services growing out of his employment at the time he received his injuries.

Plaintiff claimed he was road-testing the car to satisfy the customer that the carburetor was working properly, but the commission was not required to accept his testimony as a verity.  It was plaintiff's burden to prove the existence of all facts essential to compensation and if, in the mind of the commission, he failed to do so, it was the commission's duty to deny the application. *Dentice v. Industrial Comm.* (1948), 254 Wis. 159, 35 N. W. (2d) 218, and cases there cited.

The invoice recording Miss Weaver's orders regarding the service she desired was in evidence and it contained no indication that a carburetor adjustment was to be made. Roitblat, the attendant who helped plaintiff service the car, testified no motor tune up was made, and that nothing was done to the car which required road-testing.

There was substantial evidence upon which the commission could conclude that at the time of the accident plaintiff was pursuing his own personal interests rather than those of his employer.  There was testimony that he and Miss Weaver were personal friends and that on the night of November 10th he had planned to meet her at the club; that it was at his own suggestion that he delivered the car to her.

Further, the fact of Miss Weaver's intoxication, the circumstances of bad weather and driving conditions, the time and place of the accident, all supported the conclusion that plaintiff's purpose in making the trip from the service station to the place of the accident was personal.

Plaintiff contends that the delivery of the car was in the course of his employment and that the provisions of sec. 102.03 (1) (f), Stats., the "traveling salesmen's" statute, were thus applicable to him, giving rise to the presumption that his injuries arose out of the employment. We cannot agree, but even if that were true, the presumption may be overcome by evidence. *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 46 N. W. (2d) 754.

We deem it unnecessary to detail all the evidence presented. That outlined above is sufficient to support the commission's finding that plaintiff was not in the course of his employment when he was injured.

*By the Court.*—Judgment affirmed.