BORDEN COMPANY, Respondent, vs. INDUSTRIAL COMMISSION, Appellant: WARD, Defendant.

*December 6, 1957—January 7, 1958.*

620

For the appellant Industrial Commission there were briefs by the *Attorney General* and *Mortimer Levitan* and *Beatrice Lampert,* assistant attorneys general, and oral argument by *Mrs. Lampert.*

For the respondent there was a brief by *Stroud, Stebbins & Stroud* of Madison, attorneys, and *Francis D. Roth* of Chicago, Illinois, of counsel, and oral argument by *Seward R. Stroud.*

*Hugh F. Oldenburg* of Madison, for the defendant Joseph W. Ward.

BROADFOOT, J. In reviewing a finding of fact by the Industrial Commission the function of the supreme court is to determine whether or not that finding is supported by credible evidence. *Burt Brothers v. Industrial Comm.* 255 Wis. 488, 39 N. W. (2d) 388. In an action before the circuit court for Dane county brought for the purpose of setting aside the findings and order of the Industrial Commission the circuit court has the same function. It is to review the record, and the findings and order of the Industrial Commission cannot be disturbed where there is credible evidence to support them.

From the memorandum decision of the circuit court it is apparent that it reviewed and weighed the testimony. Great stress was laid in the memorandum decision upon statements by the applicant in a questionnaire dated April 16, 1954, in which the applicant referred to his sinus condition, and made no statement about his back. The attorney general in his brief argues at great length that the report was not in evidence and was improperly considered by the circuit court. Whether that questionnaire is properly in the record or not we deem to be immaterial. It is apparent that in arriving at its decision the circuit court weighed the evidence and passed on the credibility of witnesses and thereby invaded the province of the commission.

A study of the record indicates that the applicant was injured as he claimed on January 11, 1951. Jurisdictional questions were admitted, and it is our function to review the record to determine if there is sufficient credible evidence therein to support the finding that the slipped disc for which the operation was performed in April, 1955, was caused by the injury in January, 1951.

There appears in the record the commission's form A–16–b which is authorized by sec. 102.17 (1) (as), Stats. This was verified by the doctor who performed the operation and is dated October 31, 1955. This report identified the accident as the fall in the coal car in 1951 and the physician stated therein that in his opinion that accident caused the disability for which the operation was performed. While being cross-examined by the employer, the physician testified that his opinion was based on the description of the accident and the history given him by the applicant, and that the condition he found at the time of his examination and subsequent operation was consistent with the injury of 1951 as described by the applicant. The applicant himself testified to continued pain in his back following the original injury. At times it improved somewhat, but the commission had every right to believe, as it found, that the applicant had continuous back pain and worked with difficulty following the accident in 1951.

That evidence, supported by the opinion of the doctor, is sufficient to sustain the finding of fact. The employer had the applicant examined by a physician of its choice and the report of its physician is contrary to that given by applicant's physician. That testimony might have justified a contrary finding, but it is the function of the Industrial Commission and the examiners to evaluate medical testimony and determine its weight, and their findings on disputed medical testimony are conclusive. *Giant Grip Mfg. Co. v. Industrial Comm.* 271 Wis. 583, 74 N. W. (2d) 182.

The plaintiff argues that the record shows one or more intervening incidents that may have caused the applicant's disability found in 1955. The incidents referred to might possibly have caused the applicant's condition as found in 1955 but there is nothing in the record to establish that such was the fact. The findings of the commission were based on the entire record and we find no merit in that contention.

The plaintiff also questions the allowance of certain medical and hospital bills because they were not sufficiently identified and connected with the 1951 injury. A study of the record indicates that there was sufficient evidence therein to support the finding of the examiner.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment confirming the findings and order of the Industrial Commission.

FAIRCHILD and WINGERT, JJ., took no part.