SCHUH, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 6, 1957—January 7, 1958.*

For the appellant there was a brief and oral argument by *Ernest T. C. Hanson* of Eau Claire.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Armour & Company there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

BROWN, J.   Plaintiff brought a claim before the Industrial Commission for workmen's compensation which he alleged to be due him on the theory that his injury and disability, a slipped disc in his spine, arose out of and in the course of his employment. The Industrial Commission conducted a hearing after which it made the following findings:

"That applicant alleges injury to his cervical disc when he rolled his shoulders in the course of a routine physical examination at the request of the respondent; that applicant had previous complaints of stiffness in the neck and shoulders; that the circumstances at the time when applicant alleges injury did not constitute an accident within the meaning of the provisions of the act; that applicant did not sustain injury arising out of his employment with the respondent."

The commission, by order, dismissed the application. The employee took an appeal to the circuit court, which affirmed the commission's action.

Appellant submits that sec. 102.18 (1) of the Workmen's Compensation Act requires the commission to make findings of fact and it has not done so in this proceeding; and that the commission's order denying compensation was based on erroneous conclusions of law.

The finding quoted above, "that applicant did not sustain injury arising out of his employment with the respondent" is a true finding of fact, not a conclusion of law.

A condition of the employer's liability to pay workmen's compensation to an injured employee is found in sec. 102.03 (1) (e), Stats., as follows:

"Where the accident or disease causing injury arises out of his employment."

The finding of fact that the applicant did not sustain injury arising out of his employment with respondent negatives the factual requirement imposed by the above statute. If there is any evidence to sustain that finding the commission and the circuit court must be affirmed.

The plaintiff attributes his disability to the actions of the company doctor. The doctor in conducting the annual physical examination of the employee directed him to roll his shoulders forward and backward. At that time, the employee says, he got a sort of catch in the right side of his neck. Two or three days later, he says, the doctor had him lie on the medical table and then, taking his head and neck, swung it about, at which time there was a click followed by a severe pain.

The doctor denied that he so manipulated the neck and testified, further, that the rolling of the shoulders or the admitted massage of the neck could not and did not produce the injury.

The Industrial Commission is the finder of the fact and the judge of the credibility and weight of the evidence. It was privileged to believe the doctor's testimony, that what he did to the plaintiff did not cause the protrusion of the disc to which plaintiff attributes his disability. The applicant did not attempt to establish any other cause. The doctor's testimony alone, if believed, is sufficient to support the finding that the applicant did not sustain injury arising out of his employment. In addition, the employer produced records

of the employee's complaints and treatment for pains in his neck and back antedating the 'physical examination which the employee now says caused his trouble.

Thus, there is evidence to sustain the finding of fact that the applicant did not sustain an injury arising out of his employment. Findings of fact by the commission must stand in the reviewing courts if there is any credible evidence to support them. Sec. 102.23 (1), Stats. *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 56 N. W. (2d) 525. The commission's order dismissing the application necessarily followed the finding of fact referred to. The judgment of the circuit court sustaining the commission's order must be affirmed.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.