BORUM, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*December 5, 1958—January 2, 1959.*

For the appellant there was a brief by *Coggs & McCormick* of Milwaukee, and oral argument by *Harvey L. McCormick.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent American Motors Corporation there was a brief by *La France, Thompson, Greenquist, Evans & Dye,* attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Alfred E. La France.*

BROWN, J.   Borum was employed by American Motors Corporation in Kenosha.   On March 31, 1955, while he was working on a box of material he was squeezed between the box and a lift truck.   Borum was treated first at the Kenosha hospital and was released the next day.   He went home to Milwaukee and employed doctors there.   Thereafter Borum made an application to the Industrial Commission to determine the disability resulting from his injury.

After hearing, the commission determined that his total disability lasted until June 13, 1955, with a further partial disability equivalent to total disability of an additional six weeks.   An award was so ordered and Borum brought proceedings for review by the circuit court.   His complaint there alleged that the commission "acted without or in excess of its powers in not awarding any permanent disability to the plaintiff when there was competent medical testimony as to same."

Appellant has mistaken the rule governing the scope of the commission's powers.

"The determination of the extent or duration of disability of an applicant for workmen's compensation presents a question of fact and not of law, and the findings are conclusive if supported by credible evidence. [Cases cited.] . . .
"Where the medical testimony is in dispute, the finding of the commission with respect thereto is conclusive." *Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 600, 601, 76 N. W. (2d) 343.

Although there is a wealth of testimony presented by an array of doctors which supports the extent and duration of

disability, appellant has neglected to refer to any such evidence in his appendix. This evidence is furnished us by the supplemental appendix of the Industrial Commission and that of the employer. It amply supports the award and the commission's order and is conclusive upon us.

Borum's demand for review assigned only errors in the extent of disability. Consequently, the determination of that question is all that was properly before the circuit court and is before us now. However, when the review was presented to the circuit court the appellant submitted argument that the commission had erred further in the amount of contingent fees it allowed to Borum's attorney. Borum had agreed with him, and so informed the commission, that the fee should be 20 per cent of the compensation award. In its order the fee was computed as 20 per cent upon the total of cash to be paid Borum and his doctor bills which he had incurred. The circuit court took note of Borum's contention that the medical expenses recovered by him should not be considered in computing the fee. These bills were in issue and were contested by the employer. The circuit court affirmed the order without modification. Appellant presents this question to us again.

We should not rest decisions or opinions to serve as a precedent upon matters not properly before the trial court. We refrain from doing so now, but we will say that we find Mr. Borum received no injustice in either the commission's order or the trial court's judgment.

*By the Court.*—Judgment affirmed.