UNRUH, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*October 9—November 3, 1959.*

For the appellant there was a brief and oral argument by *Milton S. Padway* of Milwaukee.

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondent A. O. Smith Corporation there was a brief and oral argument by *L. A. Tarrell* of Milwaukee.

HALLOWS, J.   The appellant contends that there is credible evidence to sustain a finding of additional temporary or permanent disability because he was in good physical condition before the accident, Dr. Miller's statement in the insurance-claim application that disability was due to the appellant's occupation and resulted from the accident, and the testimony of Dr. Montgomery showed the appellant sustained permanent partial disability of 10 per cent which was a result of the accident of October 4, 1955.

The question is not whether there is credible evidence in the record to sustain a finding the commission did not make, but whether there is any credible evidence to sustain the finding the commission did make.

Whether the appellant sustained any additional temporary or permanent disability as a result of the accidental injury on October 4, 1955, for which he has not been previously compensated is a question of fact. If there is credible evidence to sustain the finding that the appellant did not sustain additional temporary or permanent disability as a

result of the accident, the finding of the Industrial Commission must be sustained. *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 87 N. W. (2d) 256; *Borden Co. v. Industrial Comm.* (1958), 2 Wis. (2d) 619, 87 N. W. (2d) 261.

The appellant had the burden of proving the temporary disability sustained from February 5 to May 20, 1957, and any permanent disability were caused by the accident occurring approximately two years previous. *Johnston v. Industrial Comm.* (1958), 3 Wis. (2d) 173, 87 N. W. (2d) 822; *Tuohy v. Industrial Comm.* (1958), 5 Wis. (2d) 576, 93 N. W. (2d) 344. If there is reasonable doubt in the commission's mind that the accident did not cause such temporary disability or any permanent disability, it is the duty of the commission to dismiss the application and deny compensation on the ground that the appellant did not sustain the burden of proof. *Johnston v. Industrial Comm., supra; Winter v. Industrial Comm.* (1931), 205 Wis. 246, 237 N. W. 106.

A review of the record shows that the medical testimony was conflicting. Dr. Ansfield concluded there was no disability to the appellant's back resulting from the accident. Dr. Montgomery concluded the 10 per cent disability was due to the accident of 1955 because the appellant made no prior complaints of back trouble. This case history was erroneous and could well have led the Industrial Commission to believe the testimony of Dr. Ansfield. The weight and credibility to be given medical witnesses in a workmen's compensation case are for the Industrial Commission. The rule as stated in *Milwaukee E. R. & T. Co. v. Industrial Comm.* (1951), 258 Wis. 466, 475, 46 N. W. (2d) 198, is: "It is a well-established rule that the commission's finding on disputed medical testimony is conclusive. *A. D. Thomson & Co. v. Industrial Comm.* (1928), 194 Wis. 600, 602, 217 N. W. 327; *General A. F. & L.*

*Assur. Corp. v. Industrial Comm.* (1937), 223 Wis. 635, 641, 271 N. W. 385; *Crucible Steel Casting Co. v. Industrial Comm., supra* [(1936), 220 Wis. 665, 265 N. W. 665] (p. 669)." See also *Borden Co. v. Industrial Comm., supra; Borum v. Industrial Comm.* (1959), 6 Wis. (2d) 168, 93 N. W. (2d) 860. We believe there is ample credible evidence to support the finding of the Industrial Commission that the disability of the appellant was not related to the accident in 1955.

The appellant contends that the commission exceeded its powers in considering medical testimony other than that of Dr. Montgomery because A. O. Smith Corporation agreed that it would be bound by Dr. Montgomery's findings. We find no evidence that the appellant and the respondent Smith Corporation agreed to be bound by Dr. Montgomery's findings either before or after the appellant filed a claim for compensation. At most, the evidence shows that the A. O. Smith Corporation authorized, or consented to, an examination by a doctor of the appellant's choosing, and paid for such examination.

The appellant argues the commission erred in considering Dr. Ansfield's medical reports which were in the commission's file, but not put in evidence. Such reports do not constitute competent evidence. *California Packing Co. v. Industrial Comm.* (1955), 270 Wis. 72, 70 N. W. (2d) 200. The explanation made why these reports were in the file was that it was customary for doctors to give their reports to the reporter at the hearing to aid him in transcribing the doctors' testimony. An order of the commission requires that all correspondence and documents be in the file. These reports are marked "reporter's copy" and were not with the exhibits.

The appellant contends that the Industrial Commission based its affirmance of the findings and order of the ex-

aminer on these reports because its order recites that it "reviewed the entire record, and particularly the testimony upon which the petitioner relies in support of his contention."

The reports were used by appellant's counsel in examining Dr. Ansfield who also testified from the reports. Dr. Ansfield's testimony was sufficient and credible to sustain the findings without any reference to the reports. However, we cannot approve the placing of these reports in the file. If medical reports not in evidence are given to the reporter to aid him in transcribing his notes, they should be returned to the doctor when the reporter is through with them and not be placed in the file. It must be assumed that the Industrial Commission knows what is and is not evidence and performed its duty to consider only evidence properly admitted. We cannot infer the Industrial Commission considered these medical reports any more than it would answers of witnesses stricken because of their inadmissibility. It is immaterial on this question that the circuit court relied on the reports in his opinion.

Dr. Ansfield's testimony is challenged as not meeting the legal requirements of medical testimony. Dr. Ansfield practiced for twenty-seven years and has considerable experience as an expert witness. However, his opinions in several instances were prefaced by the words "feel" or "felt." The appellant argues that Dr. Ansfield was therefore not expressing a medical opinion but an opinion based upon emotion. This court has not passed on this precise language. It has accepted "liable," "likely," and "probable," as words connoting reasonable probability as opposed to a possibility. *Hallum v. Omro* (1904), 122 Wis. 337, 99 N. W. 1051. The word "perhaps" was rejected in *Shymanski v. Industrial Comm.* (1956), 274 Wis. 307, 79 N. W. (2d) 640, because it connotes possibility rather

than probability; "impressions" amounting to "might be" was rejected in *F. A. McDonald Co. v. Industrial Comm.* (1947), 250 Wis. 134, 26 N. W. (2d) 165.

We are not dealing with reasonable medical probability here but whether Dr. Ansfield expressed a medical or professional opinion or belief. Was Dr. Ansfield, when he stated, "I felt," or, "I feel," stating a medical opinion? Conclusions of a medical expert should amount to an assertion of his professional opinion. It is common for people to use the word "feel" when they mean "believe." Not every use of the word "feel" connotes that the expression is the result of the speaker's emotions, and not of his mental process.

Reviewing the testimony and the reasons given by Dr. Ansfield for his opinions, we cannot conclude that in those instances when he said "felt" or "feel" he was not expressing his professional opinion. In one instance when he did not intend to give a medical opinion he used the expression, "I was under the impression." This taken in context would not express any medical certainty and was not intended to do so. In somewhat similar circumstances a medical expert's use of the word "feel" was held to express a professional opinion. *Euker v. Welsbach Street Lighting Co.* (1942), 149 Pa. Super. 78, 25 Atl. (2d) 758. The test is not the use of a word but the meaning or sense in which such word is used. To ascertain the meaning of words and phrases is a problem of interpretation.

*By the Court.*—That part of the judgment appealed from is affirmed.