INDIANHEAD TRUCK LINES, INC., and another, Appellants, v. INDUSTRIAL COMMISSION and others, Respondents.

*October 3—October 30, 1962.*

For the appellants there was a brief by *Schlotthauer, Jenswold & Reed,* attorneys, and *Robert R. Studt* of counsel, all of Madison, and oral argument by *John F. Jenswold.*

For the respondent Industrial Commission the cause was argued by *Beatrice Lampert,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents Petroleum Transport Company and Hartford Accident & Indemnity Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Clayton R. Hahn* of counsel, all of Milwaukee, and oral argument by *Mr. Hahn.*

For the respondent Conley there was a brief and oral argument by *James G. Sisolak* of Milwaukee.

GORDON, J. The employee, Walter Conley, had a record of previous back difficulty. He first had complaints in 1954 and saw a doctor at that time. Back pain caused him to be away from work four or five days in 1957, and two years later he had additional back trouble and was obliged to obtain a lumbosacral belt.

With that history the question is raised on this appeal whether the episode of January 8, 1960, constituted an industrial accident which caused Conley's disability. This is primarily a fact question and when resolved by the commission our duty on review is to determine whether there is credible evidence to support it.

If credible evidence exists in support of the commission's findings, such findings are conclusive. Sec. 102.23 (1), Stats. *Schuh v. Industrial Comm.* (1958), 2 Wis. (2d) 611, 614, 87 N. W. (2d) 256. As Mr. Justice HALLOWS put it in *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 398, 99 N. W. (2d) 182:

"The question is not whether there is credible evidence in the record to sustain a finding the commission did not make, but whether there is any credible evidence to sustain the finding the commission did make."

In *Borden Co. v. Industrial Comm.* (1958), 2 Wis. (2d) 619, 622, 87 N. W. (2d) 261, this court said:

"That testimony might have justified a contrary finding, but it is the function of the Industrial Commission and the examiners to evaluate medical testimony and determine its weight, and their findings on disputed medical testimony are conclusive. *Giant Grip Mfg. Co. v. Industrial Comm.* 271 Wis. 583, 74 N. W. (2d) 182."

Also, in *Glodowski v. Industrial Comm.* (1960), 11 Wis. (2d) 525, 530, 105 N. W. (2d) 833, we quoted the following from *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 85, 258 N. W. 336:

" 'If the commission finds against the great weight and clear preponderance of the evidence, or if it finds upon a given state of the evidence one way in one case and another way in another case, there being the requisite minimum evidence in each case, the matter is beyond the jurisdiction of this court.' "

In *Fitz v. Industrial Comm.* (1960), 10 Wis. (2d) 202, 205, 102 N. W. (2d) 93, we stated:

"The causal relationship between an injury and the disability presents a fact question for the commission."

The following finding by the commission is challenged on this appeal: That Conley "made a quick grab for an unloading hose, which slipped from his grasp; that such incident precipitated increased back symptoms; that applicant thereby sustained injury while performing service and in the course of his employment; . . ."

When we turn to the record we find that there is credible evidence to sustain this finding. Mr. Conley described the event as a "quick action" in which he bent over to recover a hose. He testified at the hearing that he noticed a "stretch or snap in the back." On another occasion he testified that his movement "was a quick but limited action." He said that he "lurched sideways to the right and grabbed the hose." One of the doctors used the word "lunge," but the applicant disavowed the term. We are satisfied that upon this record the commission could properly resolve that the applicant had made a sudden grab for the hose and that this constituted an industrial accident.

We must next inquire whether there is credible evidence to establish a causal relationship between the January 8th incident and Conley's "increased back symptoms." Dr. Paul Collopy, an orthopedic specialist, filed two formal reports on Form A-16-B, in each of which he was asked whether in his opinion the patient sustained an industrial injury. Both times he answered affirmatively. In each such report

he was also asked whether in his opinion the accident caused the disability sustained, and again the answer was affirmative. The first such report was dated February 10, 1960; the second report was dated April 27, 1960.

In a narrative report dated July 15, 1960, Dr. Collopy stressed the previous medical history of Mr. Conley and added: "I would feel that his occupation certainly in all probability had something to do with developing his disc and was probably the initiating factor although he also gives a history of bending over and developing acute pain with pain gradually clearing up." In our opinion, the July 15th report of Dr. Collopy would not unequivocally negate the February 10th and April 27th reports and, accordingly, we conclude that the commission's decision is supported by Dr. Collopy's earlier findings.

There is conflict in the testimony of two other doctors, but no useful purpose would be served by a detailed recitation of their testimony. We are satisfied that the commission could reasonably have determined that while Mr. Conley's previous history showed him to be predisposed to back difficulty and vulnerable to herniation of an intervertebral disc, such facts did not automatically relieve his employer from liability for an industrial accident which brought about a specific injury and subsequent surgery.

Finally, the appellants contend that it was arbitrary for the commission to "reverse" the findings of its examiner. We find no merit in this argument. The ultimate responsibility for findings is upon the commission itself. As we noted in *State v. Industrial Comm.* (1940), 233 Wis. 461, 465, 289 N. W. 769:

"The commission in reviewing findings and order of an examiner does not act as an appellate body but under its powers in an original proceeding. The commission is to make its own determination."

*By the Court.*—Judgment affirmed.