CARR, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.*

*October 27—November 24, 1964.*

* Motion for rehearing denied, without costs, on February 2, 1965.

For the appellant there was a brief by *Glassner, Clancy & Glassner* of Milwaukee, and oral argument by *William E. Glassner, Jr.*

For the respondent Industrial Commission the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

For the other respondents there was a brief by *Moore & Moore,* and oral argument by *Frank Crivello,* all of Milwaukee.

HEFFERNAN, J. The question is whether there is credible evidence which, if unexplained, would support the finding of the Industrial Commission in a workmen's compensation case. *Shawley v. Industrial Comm.* (1962), 16 Wis. (2d) 535, 114 N. W. (2d) 872; *Wagner v. Industrial Comm.* (1956), 273 Wis. 553, 565, 79 N. W. (2d) 264, 80 N. W. (2d) 456; *Indianhead Truck Lines v. Industrial Comm.* (1962), 17 Wis. (2d) 562, 565, 117 N. W. (2d) 679. See also *Seymour v. Industrial Comm.,* ante, p. 482, 131 N. W. (2d) 323.

Upon the record of this case, we must affirm. The testimony of Dr. Smith that in his opinion Carr did not have the bends is the evidence upon which the Industrial Commission could rely. Although Carr made out a *prima facie* case based upon the conclusion of his personal physician, Dr. Becker, that he had caisson disease, this diagnosis was disputed at the hearing by Dr. Smith. It is not our function to

resolve or weigh conflicting medical evidence. That function is solely within the province of the Industrial Commission. *Unruh v. Industrial Comm.* (1959), 8 Wis. (2d) 394, 399, 99 N. W. (2d) 182:

"The weight and credibility to be given medical witnesses in a workmen's compensation case are for the Industrial Commission. The rule as stated in *Milwaukee E. R. & T. Co. v. Industrial Comm.* (1951), 258 Wis. 466, 475, 46 N. W. (2d) 198, is: 'It is a well-established rule that the commission's finding on disputed medical testimony is conclusive. *A. D. Thomson & Co. v. Industrial Comm.* (1928), 194 Wis. 600, 602, 217 N. W. 327; *General A. F. & L. Assur. Corp. v. Industrial Comm.* (1937), 223 Wis. 635, 641, 271 N. W. 385; *Crucible Steel Casting Co. v. Industrial Comm., supra* [(1936), 220 Wis. 665, 265 N. W. 665] (p. 669).' See also *Borden Co. v. Industrial Comm., supra; Borum v. Industrial Comm.* (1959), 6 Wis. (2d) 168, 93 N. W. (2d) 860."

This is true even though this court might have ruled differently had it been in the position of the Industrial Commission.

The Industrial Commission must choose between any conflicting testimony. Deciding these issues of fact is the peculiar office of the Industrial Commission. *Unruh v. Industrial Comm., supra.*

The Industrial Commission on all disputed facts chose on the basis of credible evidence to resolve those facts against Carr. We agree with the trial court that the findings of the Industrial Commission must be sustained.

*By the Court.*—Judgment affirmed.