R. T. MADDEN, INC., Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 263. Argued May 7, 1969.—Decided July 3, 1969.*
(Also reported in 169 N. W. 2d 73.)

532

For the appellant there were briefs by *Campbell, Brennan, Steil & Ryan,* and oral argument by *Mark L. Korb,* all of Janesville.

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Gordon Samuelsen,* assistant attorney general, with whom on the

brief was *Robert W. Warren,* attorney general; concurred in by *Philip L. Kapell* of Madison, for respondent Dennis Manthe; *Mr. Kapell* also presented oral argument.

HEFFERNAN, J. The power of this court to review the findings of fact made by the department is governed by statute and is limited in scope. Sec. 102.23 (1), Stats., provides:

"102.23 **Judicial review.** (1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive . . . . the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."

The purpose of these limitations was stated in the concurring opinion of Mr. Justice CROWNHART in *McCarthy v. Sawyer-Goodman Co.* (1927), 194 Wis. 198, 205, 215 N. W. 824:

". . . the legislature, in passing the workmen's compensation act, in the interest of speedy justice for the workingmen, sought to limit appeals and protracted litigation."

It is explicit in the legislation that the administrative powers vested by the legislature in the department are not to be exercised by the courts. A reviewing court, even though it has the complete record before it, has no authority to make its own findings of fact. Under the statute it may only determine, as set forth in sec. 102.23, Stats., in setting aside an award "That the findings of fact by the commission do not support the order or

award." In the instant case the circuit court, in applying the statutory mandate applicable on review, stated:

"This determination resolved the factual issues presented to the agency in favor of the employee. If these findings of fact are based upon credible evidence and logical inferences therefrom, then they are binding and conclusive on this court.

"This then provokes the first inquiry on review: Is there any credible evidence to sustain the result reached?"

In reaching this conclusion the trial judge relied upon the succinct statement of the rule set forth in *Unruh v. Industrial Comm.* (1959), 8 Wis. 2d 394, 398, 99 N. W. 2d 182:

"The question is not whether there is credible evidence in the record to sustain a finding the commission did not make, but whether there is any credible evidence to sustain the finding the commission did make."

A long line of cases by this court support the use of the "any credible evidence" test. This test was recently used by this court in *Detter v. ILHR Department* (1968), 40 Wis. 2d 284, 287, 161 N. W. 2d 873. We therein relied upon *Lewellyn v. ILHR Department* (1968), 38 Wis. 2d 43, 155 N. W. 2d 678, which approved the standard of *Schuh v. Industrial Comm.* (1958), 2 Wis. 2d 611, 614, 87 N. W. 2d 256, that "Findings of fact by the commission must stand in the reviewing courts if there is any credible evidence to support them."

On this appeal, however, Madden Company contends that the standard of "any credible evidence" relied upon by the trial court is an incomplete test and that the only standard properly to be applied was stated in *Shawley v. Industrial Comm.* (1962), 16 Wis. 2d 535, 539, 114 N. W. 2d 872. Therein we said:

"In passing on the issue of whether the evidence sustains a finding of the commission made in a workmen's

compensation proceeding, the test is whether there is credible evidence which, *if unexplained,* would support the finding." (Emphasis supplied.)

The appellant herein takes the position that the "unexplained" rule emphasizes that a finding of fact of the department will not be affirmed as a matter of course just because there is some credible evidence in the record to support it. Appellant contends that any other position would reduce the judicial review of a question of fact to a nullity. In its brief appellant concedes that there is some credible evidence to support the findings of the examiner, but it contends this court has the right and obligation to look into the sufficiency of the evidence. The sufficiency of the evidence, it claims, is determined by whether or not the evidence underpinning the department's findings is explained away by other credible evidence in the record, so that it loses its probative value. It also contends that, although the burden of proof is less than in a civil case, the basic facts must be established within a reasonable certainty by a preponderance of the evidence. Basically, appellant takes the position that the facts relied upon by the department show that Madden's conduct was reasonable under the circumstances. It recounts the facts in the record that Madden's supervisor, a week before the accident, ordered a new set of drive wheels, that it would easily take a week to get replacements, that at least one operator of the machine stated it was operating satisfactorily, and that no one, prior to the accident, claimed that the saw was unsafe, although the maintenance man for Madden acknowledged that he had received complaints about the operation of the machine. The employer points out that there was testimony that the slippage of the machine might have been caused, not by the admittedly worn wheels, but as the result of failure to run the machine at the proper speed, or that it was not properly placed on the ramp so that it ran off of the two-by-fours and tipped over.

It apparently is the contention of the appellant that these items of evidence, which admittedly appear of record, explain away equally credible evidence which support the department's findings.

Thus, if we were to follow the "unexplained" rule advocated by the appellant and concur in its interpretation of the meaning of the rule, we would, under its theory, be obliged to reverse the department and the trial court. On the other hand the department, while not agreeing with the interpretation of the "unexplained" rule advanced by the appellant, and taking the position that the evidence relied upon by the appellant is merely contradictory and should be disregarded in the face of evidence that supports the findings, urges that this court delete the phrase of "if unexplained" from the standard of review frequently used by this court and suggests that henceforth the court rely solely upon the standard of whether there is "any credible evidence" to support the findings of the department. It argues that the phrase, "evidence which if unexplained," encourages unwarranted and meritless litigation, contrary to the purposes of the Workmen's Compensation Act, which was designed to settle the claims of workmen injured in industrial accidents without needless appeals and protracted litigation.

The department argues that the "if unexplained" phrase should be deleted because it constitutes a confusion and perversion of the language and meaning of the standard of review set forth in *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 83, 85, 258 N. W. 336. Therein Mr. Chief Justice ROSENBERRY, speaking for the court, in reliance upon 5 Wigmore, *Evidence,* sec. 2494, concluded that the test that should be applied to industrial commission cases is:

" 'Are there facts in the evidence which *if unanswered* would justify a person of ordinary reason and fairness in affirming the existence of the facts which the claimant is bound to establish?' " (Emphasis supplied.)

The department also contends that the "unexplained" rule is so imprecise that it tends to mislead courts into weighing the evidence in the record rather than in examining the evidence upon which the department relied. It points to this case as one wherein the employer, relying upon the "unexplained" rule, seeks to have the court weigh the evidence.

The "if unexplained" phrase apparently was first used as a substitute for the phrase, "if unanswered," in *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 56 N. W. 2d 548, in a proceeding that was governed by ch. 227, Uniform Administrative Procedure Act, in which the test is not "any credible evidence" but "substantial evidence in view of the entire record." The *Motor Transport Case* relied upon a New York case, *Matter of Stork Restaurant, Inc. v. Boland* (1940), 282 N. Y. 256, 274, 26 N. E. 2d 247. The New York court stated therein, "Evidence which unexplained might be conclusive may lose all probative force when supplemented and explained by other testimony."

Although *Motor Transport* did not concern itself with a review of the findings of the industrial commission, by way of dicta at least, the author of that opinion, Mr. Justice CURRIE, indicated that he believed that the rule should be followed in such cases, stating therein:

"Therefore, the . . . sentence . . . from the *Stork Restaurant Case* would seem to be applicable in determining what is credible evidence necessary to sustain a finding of fact by the Industrial Commission." (p. 47.)

Subsequent to *Motor Transport,* the phrase found its way into a number of cases, and the test used in them was whether there was "credible evidence which if unexplained" would support the finding. *A. O. Smith Corp. v. Industrial Comm.* (1953), 264 Wis. 510, 59 N. W. 2d 471; *Fruit Boat Market v. Industrial Comm.*

(1953), 264 Wis. 304, 58 N. W. 2d 689; *Brouwer Realty Co. v. Industrial Comm.* (1954), 266 Wis. 73, 62 N. W. 2d 577; *Marathon Electric Mfg. Corp. v. Industrial Comm.* (1955), 269 Wis. 394, 69 N. W. 2d 573, 70 N. W. 2d 576; *Cooper's, Inc. v. Industrial Comm.* (1962), 15 Wis. 2d 589, 113 N. W. 2d 425; *Shawley v. Industrial Comm.* (1962), 16 Wis. 2d 535, 539, 114 N. W. 2d 872; *Carr v. Industrial Comm.* (1964), 25 Wis. 2d 536, 131 N. W. 2d 328; *Seymour v. Industrial Comm.* (1964), 25 Wis. 2d 482, 486, 131 N. W. 2d 323.

Simultaneously, without making any distinction between the cases, this court has issued a series of opinions which relied upon the "any credible evidence" rule. *Buettner v. Industrial Comm.* (1953), 264 Wis. 516, 517, 59 N. W. 2d 442; *Hemans v. Industrial Comm.* (1954), 266 Wis. 100, 104, 62 N. W. 2d 406; *Wisconsin Power & Light Co. v. Industrial Comm.* (1955), 268 Wis. 513, 514, 68 N. W. 2d 44; *Melli v. Industrial Comm.* (1956), 274 Wis. 76, 78, 79 N. W. 2d 225; *Borden Co. v. Industrial Comm.* (1958), 2 Wis. 2d 619, 621, 87 N. W. 2d 261; *Hanz v. Industrial Comm.* (1959), 7 Wis. 2d 314, 316, 96 N. W. 2d 533; *Van Valin v. Industrial Comm.* (1962), 15 Wis. 2d 362, 364, 112 N. W. 2d 920; *Duvick v. Industrial Comm.* (1963), 22 Wis. 2d 155, 163, 125 N. W. 2d 356; *Grant County Service Bureau v. Industrial Comm.* (1964), 25 Wis. 2d 579, 582, 131 N. W. 2d 293; *Horvath v. Industrial Comm.* (1965), 26 Wis. 2d 253, 256, 131 N. W. 2d 876; *Ace Refrigeration & Heating Co. v. Industrial Comm.* (1966), 32 Wis. 2d 311, 315, 145 N. W. 2d 777; *Kraynick v. Industrial Comm.* (1967), 34 Wis. 2d 107, 111, 148 N. W. 2d 668; *Lewellyn v. ILHR Department* (1968), 38 Wis. 2d 43, 51, 155 N. W. 2d 678; *Detter v. ILHR Department* (1968), 40 Wis. 2d 284, 287, 161 N. W. 2d 873.

An analysis of the cases which followed the *Motor Transport* decision shows that the "unexplained" rule

was used in at least two senses. These applications of the rule are somewhat inconsistent. One application of the rule would be simply to conclude that the "unanswered" test, which was corrupted to the "unexplained" rule, merely means that, in determining whether the evidence supports a finding of the department, there should be a consideration only of the evidence supporting the finding and not evidence in answer to it. A second meaning appears to be that, if there is evidence standing alone, it will not be considered for the purpose of supporting a finding if there appears in the record other facts or testimony that make the evidence relied upon irrelevant or nonprobative of the fact found. Under this interpretation, evidence though credible will be taken at its face value only if it is not explained away.

The first interpretation of the rule is found in *Shawley v. Industrial Comm.* (1962), 16 Wis. 2d 535, 114 N. W. 2d 872, wherein Mr. Justice CURRIE discussed the question of whether there was adequate medical testimony to support the finding made by the commission. In regard to whether the applicant's disability was occasioned by his work, the medical evidence was in conflict. Mr. Justice CURRIE pointed out, at page 541, that:

"All that must be found is unexplained credible evidence supporting the finding. With respect to this issue, this is a mine-run workmen's compensation case where the medical testimony is in sharp conflict. Therefore, a finding either way by the commission is conclusive on a reviewing court."

A second and somewhat different application of the rule was utilized in *St. Mary's Congregation v. Industrial Comm.* (1953), 265 Wis. 525, 62 N. W. 2d 19, written by Mr. Chief Justice FRITZ, where the issue was whether one Zacharias was an independent contractor or an employee. The pastor of the church stated that he had the right to control the details of Zacharias' work. This statement considered alone and without explanation

would support an employer-employee relationship. On the other hand, there were other undisputed facts which showed that the pastor of the congregation did not possess any skill or knowledge of carpentry which would have enabled him to control the details of the work done by Zacharias. Under that state of facts, Mr. Chief Justice FRITZ stated, at page 534:

"These undisputed facts clearly establish that the relationship of Zacharias to the Congregation was that of independent contractor and not an employee, and completely *explain away* any other facts in the record which, standing alone and unexplained, might tend to support the commission's findings." (Emphasis supplied.)

In *Wagner v. Industrial Comm.* (1956), 273 Wis. 553, 79 N. W. 2d 264, 80 N. W. 2d 456, the commission relied upon the statement of three doctors for its conclusion that there was no permanent disability. Mr. Justice CURRIE, in reviewing the record, pointed out that, although three doctors testified either that the man's hands were "normal" or that he was "completely recovered," a perusal of the balance of their testimony made it clear that this evidence referred only to the clearing up of the visible effects of the dermatitis on the applicant's hands and did not relate to the disabling sensitivity that would result in further attacks of dermatitis if the applicant should go back to work in a machine shop. Mr. Justice CURRIE stated, at page 565:

"The testimony of the doctors cited by the trial court in the above-quoted paragraph of its memorandum decision was not 'credible evidence, *which, if unexplained,* would support the finding of the commission' that there was no permanent disability [citing cases]. They were merely isolated statements taken out of context which are completely explained by other testimony given by these same physicians. This is not a situation of the same witness having given conflicting testimony because, in such a situation, the commission may base its decision

on which of the two conflicting pieces of testimony it chooses to believe, and, on review, a court would have no power to weigh the evidence and disturb such a finding."

It is apparent that in the *Shawley Case, supra,* Mr. Justice CURRIE stated that the "unexplained" rule meant that where credible evidence was in conflict the commission could choose which testimony to believe, that such testimony was to be considered by itself, and that other credible evidence was not to be used to explain it. In that instance, the evidence was to be accepted *unexplained.*

In the *St. Mary's Congregation Case,* Mr. Chief Justice FRITZ refused to accept the statement of the pastor, credible on its face, that Zacharias was an employee, but rather looked to other facts to explain that conclusion away. In that instance, the court stated that it would look to facts that explained away the facts upon which the commission grounded its finding. The rationale used therein and the use of the "unexplained" rule was different than that employed in *Shawley,* for in *Shawley* only the evidence supporting the commission's findings was resorted to to sustain the commission. The result in the *St. Mary's Case* appears to be clearly correct, but not merely on the basis that the pastor's testimony was explained away. Rather, the pastor's testimony that he controlled the details of the work was obviously but a conclusion of law and not an evidentiary fact which would support the commission's findings.

It is apparent that the approach taken in *Wagner v. Industrial Comm., supra,* also reaches a correct result, but it does not appear that the "unexplained" test was necessary to arrive at that result. The question of whether Wagner was permanently disabled was the one that faced the commission, and whether the visible signs of his original dermatitis had disappeared was irrelevant to the basic question of whether his skin had been

sensitized so that he could not do his chosen work in the future. The decision could have been reached properly, not only on the basis of the "unexplained" rule, but also on the ground that the facts upon which the commission's findings depended were irrelevant to the real issue.

We point these cases out, not in the contention that there was error in the application of the "unexplained" rule in these instances, but rather to show that the rule has been given various meanings as a rationale for reaching a legally justifiable conclusion when that conclusion could have been reached *de hors* the rule. In each case the question boiled down to whether the evidence relied on by the commission was sufficient to support the finding in light of whether it was relevant and probative or rested upon a conclusion rather than a factual basis. These are merely tests of credibility and relevancy in the traditional sense.

If the evidence is irrelevant or nonprobative, it cannot support a finding of the department. We are of the opinion that the "unexplained" rule, properly applied, merely means that, if the evidence relied upon by the department is credible, relevant, and probative, a reviewing court should not look to contradictory facts in an attempt to explain away the factual premise on which the finding is made. We believe that this is the true meaning of the test taken from Wigmore and first applied in the *Hills Dry Goods Case, supra.* The test of *Hills Dry Goods* was taken from 5 Wigmore, *Evidence* (2d ed.), sec. 2494, p. 459, and now appears in 9 Wigmore, *Evidence* (3d ed., 1940), sec. 2494, pp. 293–300. The problem discussed in this section is not, in the main, the question of what facts will support the findings of an administrative agency, but rather what evidence is sufficient to get to a jury in a common law trial. The rule favored by Wigmore would permit a plaintiff to

avoid a directed verdict when a judge, ruling on the motion to direct the verdict against the plaintiff, can answer in the affirmative the question:

" 'Are there facts in evidence which if *unanswered* would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?' " (Emphasis supplied.) Wigmore, *supra,* p. 299.

This test, which was adopted in the *Hills Dry Goods Case,* is simply that the evidence is to be considered most favorably to the plaintiff, as though plaintiff's evidence were unanswered by the defendant. This is, of course, the rule that Wisconsin follows today in guiding a judge on the question of a directed verdict:

"A verdict should only be directed against a plaintiff where plaintiff's evidence, giving it the most favorable construction it will reasonably bear, is insufficient to sustain a verdict in plaintiff's favor. *Baumgarten v. Jones* (1963), 21 Wis. (2d) 467, 124 N. W. (2d) 609; *Rudzinski v. Warner Theatres* (1962), 16 Wis. (2d) 241, 114 N. W. (2d) 466; and *Schlueter v. Grady* (1963), 20 Wis. (2d) 546, 123 N. W. (2d) 458.
"Therefore, we deem it only necessary to set forth the evidence favorable to plaintiff." *Wallow v. Zupan* (1967), 35 Wis. 2d 195, 198, 150 N. W. 2d 329.

After a discussion of various rules in *Hills Dry Goods, supra,* Mr. Chief Justice ROSENBERRY summarized his thinking on the subject by stating, at page 85:

"We may point out in this connection that application of the test suggested excludes the consideration of all questions relating to the weight of the evidence. When the test is applied and it is found that there are facts in evidence which if unanswered would warrant the commission in making the finding complained of, this court can go no further."

It is therefore clear that the rule of the *Hills Dry Goods Case* simply meant that the reviewing court was to appraise the commission's findings by looking at the

evidence most favorable to those findings in the same manner that a judge would look to the plaintiff's evidence in determining whether or not to direct a verdict. It seems equally clear that in this respect the phrase, "if unanswered," is a more precise and more limited term than the phrase, "if unexplained."

We conclude that the vice of the "unexplained" rule is not that it fails when properly and discriminately applied, but rather that it attempts to encompass too much within its scope and, as a consequence, in practice has proved to be almost impossible of uniform application. It is apparent, however, that Mr. Chief Justice ROSENBERRY in adopting the "unanswered" rule did not mean that the commission could pick out isolated facts to support a finding if in context those isolated facts appeared to be either irrelevant, incredible, or nonprobative of the point at issue. The subsequent use of the "unexplained" rule was an attempt to encompass all of these factors within a single statement. We believe it has, in some instances, created confusion and a misunderstanding of the proper rule. We agree with the department that the appellant was apparently misled by the rule, and abandon it.[1]

It is our conclusion the test should be whether there is any credible evidence in the record sufficient to support the finding made by the department. The assumption in that test is, of course, that the evidence is relevant, that it is evidentiary in nature and not a conclusion of law, and that it is not so completely discredited by other evidence that a court could find it incredible as a matter of law. This is clearly not the same as a reviewing court's weighing conflicting credible evidence to determine what shall be believed. That

---

[1] The writer of this opinion, although recognizing the occasional misunderstanding or misapplication of the "unexplained rule," would retain it as a useful shorthand expression of the test of sufficient credible evidence.

is solely within the province of the administrative agency.

It should also be noted, contrary to appellant's contention, that the duty of the applicant is not to prove his case by a preponderance of the evidence, but merely to produce such credible evidence that the findings will rest upon facts and not upon conjecture or speculation.

Under this view, which is compelled by the statute, we are obliged to uphold the department's findings even though they be contrary to the great weight and clear preponderance of the evidence. *Conley v. Industrial Comm.* (1966), 30 Wis. 2d 71, 85, 140 N. W. 2d 210.

We also conclude that appellant is in error when it contends that it is the duty of the circuit court or of this court to weigh the sufficiency of the evidence, at least in the sense that evidence favoring one party is to be weighed against that supporting another. The court, however, does have a duty to weigh the evidence relied upon by the department to determine whether that evidence is sufficient to justify the finding made. If there is credible, relevant, and probative evidence and that evidence construed most favorably would justify men of ordinary reason and fairness to make that finding, the evidence is sufficient. A finding should rest upon such evidence and not upon a mere scintilla of evidence or upon conjecture and speculation. This test is, of course, proper under the Workmen's Compensation Act and is not by this opinion made generally applicable to the review of the decisions of administrative agencies.

We conclude, therefore, that in the instant case the test is simply whether there was any credible evidence sufficient to support the findings of the department. We think the recital of the undisputed facts, *supra,* sustains the findings. The evidence which the Madden Company relies upon is merely contradictory to that which supports the department's findings. There is ample and sufficient evidence to create the reasonable inference

that the machine slipped backwards on the ramp and injured Manthe because the drive wheels were worn. While there was also evidence to sustain the findings urged by the Madden Company, such findings are not before us. As we stated in *Unruh v. Industrial Comm.*, *supra:*

"The question is not whether there is credible evidence in the record to sustain a finding the commission did not make, but whether there is any credible evidence to sustain the finding the commission did make."

While there was arguable though doubtful merit in the appellant's contention if this appeal were viewed from the confusing posture of the "unexplained" rule, when viewed in light of the test of whether there was any credible evidence sufficient to sustain the department's findings, the contention of Madden becomes almost frivolous. There is credible evidence in the record to support the findings made.

In addition to challenging the findings, Madden contends that the safety order is invalid because it requires the employer to maintain machinery in a "safe" condition rather than in a "reasonably safe" condition. The safety order provides, "All equipment, machine tools, guards and power-driven machinery shall be maintained in safe condition." Our review of the record indicates that the validity of this rule was not challenged by appellant prior to this appeal. Sec. 227.05 (2) (e), Stats., provides:

"227.05 **Declaratory judgment proceedings.** (1) . . . .

"(2) The validity of a rule may be determined in any of the following judicial proceedings when material therein:

"(a) . . . .

"(e) Proceedings under ss. 227.15 to 227.21 or under ch. 102 or 108 for review of decisions and orders of administrative agencies provided the validity of the rule involved was duly challenged in the proceeding before

the agency in which the order or decision sought to be reviewed was made or entered."

Sec. 101.13, Stats., provides:

"**101.13 Orders of commission declared lawful.** All orders of the industrial commission in conformity with law shall be in force, and shall be prima facie lawful; and all such orders shall be valid and in force, and prima facie reasonable and lawful until they are found otherwise upon judicial review thereof pursuant to chapter 227 or until altered or revoked by the commission."

It is apparent that the judicial review of the order was not brought pursuant to sec. 227.05, Stats. It was not challenged before the department. We have previously held that a "specified and prescribed method for review of an administrative agency's order is exclusive . . . ." *Cobb v. Public Service Comm.* (1961), 12 Wis. 2d 441, 457, 107 N. W. 2d 595. Since the method established by the legislature to challenge the order was not resorted to by the appellant, it has no standing to raise the question now.

We should also point out that, in the instant case, the department did not conclude that, merely because the accident happened, the machine was unsafe. In that respect it differs from the cases relied upon by the appellant. Rather, the department required that the employee prove that the drive wheels were worn, and that they made the machine unsafe to use. It is perfectly clear that the department interpreted the duty of the employer to be not that of furnishing an absolutely safe machine but one that was reasonably safe. While the advertence to this point does not control our determination not to permit a review of the validity of the safety order, it is apparent that the order was in fact interpreted in the way in which the appellant believes it must be to withstand attack.

We also point out that the department based its award of extra compensation not only upon the violation of

the safety order but upon a violation of the safe place statute. This finding has not been challenged.

We conclude that the commission's findings are supported by sufficient credible evidence and, accordingly, the circuit court's judgment affirming those findings will be upheld.

*By the Court.*—Judgment affirmed.

ROBERT W. HANSEN, J. (*concurring*). The up-to-now test in Wisconsin as to required evidentiary support for department findings of fact in workmen's compensation cases has been the Wigmore test, adopted in 1935,[1] somewhat altered in 1953,[2] that, as stated by Wigmore, asked:

"Are there facts in evidence which if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain?"[3]

The from-now-on test, as stated in the majority opinion, is to be:

"If there is credible, relevant, and probative evidence and that evidence construed most favorably would justify men of ordinary reason and fairness to make that finding, the evidence is sufficient."

This restatement of the test of supportive evidence for agency findings does not, as I see it, enlarge or narrow the scope of judicial review. It substitutes "evidence construed most favorably" for the Wigmore language, "evidence which if unanswered." This may clarify, but

---

[1] "The test suggested by Mr. Wigmore is perhaps as good as any that can be suggested." *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 83, 258 N. W. 336.

[2] " '*Unexplained*' would seem to be a more accurate expression than '*unanswered*.' " *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 46, 56 N. W. 2d 548.

[3] 5 Wigmore, *Evidence,* (2d ed.), sec. 2494, p. 459, now 9 Wigmore, *Evidence,* (3d ed.), sec. 2494, p. 299.

it does not appear to change the measuring stick to be used. Both versions leave with the agency as the trier of fact all issues of credibility. Both incorporate the "men of ordinary reason and fairness" standard. Both have the same essential elements. So the standard set by the new test seems no higher and no lower than that required by the Wigmore rule.

Both phrasings put flesh on the bare bones of the ". . . supported by evidence" [4] standard of review. In interpreting this exact phrase the United States Supreme Court added the requirement that the evidence must be enough to justify, if the trial were to a jury, a refusal to direct a verdict, stating:

> "This Court read 'evidence' to mean 'substantial evidence,' (case cited) and we said that '[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' (case cited) . . . *it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."* (Emphasis supplied.) [5]

The analogy suggested between reviewing a finding of fact of an administrative agency and reviewing a refusal to direct a verdict at law (where lack of substantial evidence is the test of the right to a directed verdict) makes good sense. In fact, the Wigmore test came from the section of his text dealing with what amount of evidence was required to get a case to the jury in a common-law action. The writer would accept and state the analogy between agency and jury. However, it is not to such analogy that this concurring opinion is addressed. Rather it is the *Universal Camera* holding that

---

[4] The original Wagner Act provided that findings of the National Labor Relations Board if ". . . supported by evidence, shall be conclusive." Act of July 5, 1935, sec. 10 (e), 49 Stat. 449, 454.

[5] *Universal Camera Corp. v. National Labor Relations Board* (1951), 340 U. S. 474, 71 Sup. Ct. 456, 95 L. Ed. 456.

"evidence" is to be read to mean "substantial evidence" in applying a ". . . supported by evidence" requirement.

For if, as *Universal Camera* holds, ". . . supported by evidence" means supported by ". . . substantial evidence," there is no basis for the reference in the majority opinion to there being a different standard for review in Wisconsin for workmen's compensation cases than for other types of review. There then would be no reason for stating that the paraphrased test as to sufficiency of evidentiary support was ". . . proper under the Workmen's Compensation Act," but ". . . not by this opinion made generally applicable." Nor would there be reason to distinguish the *Motor Transport Co. Case* as involving ". . . a proceeding that was governed by ch. 227, Uniform Administrative Procedure Act, in which the test is not 'any credible evidence' but 'substantial evidence in view of the entire record.' " [6]

It is true that workmen's compensation and unemployment cases were specifically not included when the Uniform Administrative Procedures Act was adopted in Wisconsin, providing that administrative findings are reversible if ". . . unsupported by substantial evidence in view of the entire record as submitted." [7]

However, unless the reasoning of the *Universal Camera Case* is repudiated or its result ignored, the adoption of the Uniform Procedures Act in Wisconsin did not add "substantial" to the quantum of evidence required to sustain an agency finding of fact. It merely spelled out a requirement that was already there. The amendment clarified, but did not enlarge the scope of judicial review. With or without a uniform act it was the fact

---

[6] Comparing the ". . . not supported by evidence" test in workmen's compensation cases with the ". . . unsupported by substantial evidence in view of the entire record as submitted" test in types of appeals, in *Motor Transport Co. v. Public Service Comm., supra,* footnote 2, pp. 43, 44, this court concluded ". . . there would appear to be little, if any, distinction in effect between them."

[7] Sec. 227.20 (1) (d), Stats.

that "men of ordinary reason and fairness" would not find unsubstantial evidence a foundation strong or firm enough to support much of a superstructure.

This was the exact question of statutory interpretation that came before the United States Supreme Court in the *Universal Camera Co. Case*. There, as noted above, the original Wagner Act had provided that findings by the labor board ". . . supported by evidence, shall be conclusive." [8] Subsequently, Congress adopted the test of the Uniform Administrative Procedures Act, to wit: that board findings were conclusive if ". . . supported by substantial evidence on the record considered as a whole." [9] Did the adoption of this amendment from the Uniform Administrative Procedures Act broaden the scope of judicial review? Had it changed the test as to required evidentiary support for board rulings? No, not at all, the nation's high court ruled. Congress had only ". . . made it clear that a reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view." [10]

The writer would follow the reasoning and result of the *Universal Camera Co. Case* to hold that the ". . . supported by evidence" test means supported by ". . . evidence that is substantial evidence in view of the entire record as submitted." To do so is to do no more than submit that the "men of ordinary reason and fairness" standard is not met if a finding based on ". . . (un)-substantial evidence in view of (less than) the entire record as submitted" is upheld. The difference goes beyond semantics to an insistence that Wisconsin has

[8] *Supra,* footnote 4.

[9] 61 Stat. 148, 29 U. S. C. (1946 Supp. III) sec. 160 (e).

[10] *Universal Camera Corp. v. National Labor Relations Board, supra,* footnote 5, page 488.

a single standard of review on all appeals to the court of administrative agency rulings. It is granted that the Workmen's Compensation and Unemployment Compensation Acts are to be liberally construed to accomplish the beneficent purposes of such legislation, but that fact does not require nor justify upholding awards or denials of awards that are not based on substantial evidence in view of the entire record.

In the role of prophet, not critic, the writer suggests that the distinction noted by the majority will itself become unsubstantial and that, to be upheld on judicial review, all findings of fact by all administrative agencies in this state in all categories of cases, workmen's compensation included, will have to meet the single requirement that they be supported by ". . . substantial evidence in view of the entire record as submitted" with the test of substantiality henceforth to be:

"Is there credible, relevant and probative evidence which construed most favorably would justify men of ordinary reason and fairness to make the finding of fact involved?"

The writer would hold that the findings of fact and inferences based thereon that are here challenged are supported, in view of the entire record as submitted, by substantial evidence, and would affirm.