Seaman Body Corporation, Appellant, vs. Industrial Commission and another, Respondents.

*January 12—February 6, 1934.*

For the appellant there were briefs by *Fawsett & Shea* of Milwaukee, and oral argument by *Edmund B. Shea.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Weidner there was a brief by *Joseph A. Padway,* attorney, and *L. A. Tarrell* of counsel, both of Milwaukee, and oral argument by *Mr. Tarrell.*

FRITZ, J. On the defendant Weidner's application to the Industrial Commission for compensation for disability alleged to have been sustained on November 18, 1931, while in the employ of the plaintiff Seaman Body Corporation, the commission on August 10, 1932, ordered the dismissal of the application on the ground that the disability was not the result of a physical injury sustained while in plaintiff's employ, but that it was the result of a metastatic infection in 1928, following bronchial pneumonia, which was not the result of accident.

Within twenty days after that order was made, the applicant's attorney applied to the commission to set it aside, on the ground of newly-discovered evidence. He based his application on an affidavit which he made, and another made by John Kiesz. In those affidavits there was no showing that all of the matters relied upon as constituting newly-discovered evidence were not within Weidner's knowledge at the time of the former hearing; that he was not negligent in seeking to discover them; that they were material to the issue and not merely cumulative; and that it was reasonably probable that a different result would be reached upon a new or further hearing. The nearest approaches to any statements to that effect, or that any of the evidence was newly discovered, were statements in the attorney's affidavit, that he had just been advised by Weidner that in November, 1931, Weidner had been examined by Dr. E. F. Barta, who

had made certain tests and certain statements to Weidner at the conclusion of his examination; that affiant had not been advised and had had no knowledge that those tests and examinations had been made by Dr. Barta, or he would have produced him as a witness to testify at the hearing before the commission; and that affiant has also been just advised that John Kiesz was with Weidner on November 19, 1931, when the latter was examined by Dr. O. W. C. Maercklein at his office and that Kiesz was also present when the examination was made by Dr. Barta.

Similar statements, with more detail, were made in the Kiesz affidavit. He stated that on November 19, 1931, Dr. Maercklein took two X-ray pictures, and a urine test, and stated that the urine analysis showed the presence of sugar; that in his opinion he was suffering from diabetes; and that he wanted an examination of Mr. Weidner by Dr. Barta. In relation to Dr. Barta, Kiesz said that on November 20, 1931, Dr. Barta came to Weidner's home and examined him, made certain blood tests, and stated that he would complete the analysis of the blood in his laboratory, and make his report to the Seaman Body Corporation.

In the commission's order of August 30, 1932, setting aside the order of August 10, 1932, there is the statement:

"The record indicates that Dr. O. W. C. Maercklein testified in behalf of the respondent, at the time of the hearing that no cultures of the material obtained upon lancing the applicant's foot were made, and that there was no mention by Dr. Maercklein of the tests alleged to have been made by Dr. Barta, who Dr. Maercklein informed the applicant was to make tests."

Following that there is the finding or conclusion, and the order:

"The commission considers that a sufficient showing has been made to warrant this action and therefore orders: That the award of August 10, 1932, be and the same is hereby

set aside and that the matter be scheduled for further hearing."

An examination of the record in relation to Dr. Maercklein's testimony at the first hearing discloses that the commission's statement, as quoted above from its order of August 30, 1932, is erroneous, in that the record discloses that Dr. Maercklein had testified:

"I took X-rays of his foot on November 20, 1931. Mr. Kiesz was present during my examination and consultation with Weidner at my office in 1931. I did not take any blood test at that time. I do remember going to the house to have the blood test. He had blood sugar which showed 97 milograms, which is normal. . . . On November 20th examination revealed the following: Urine: acid reaction, specific gravity 10.16, albumin and sugar negative; blood: sugar 93 milograms, which is normal; Wasserman, negative."

When, upon subsequent hearing, the commission proceeded, notwithstanding plaintiff's objection, with a further hearing pursuant to its order of August 30, 1932, the applicant again testified. In addition Kiesz and Dr. Miloslavich, neither of whom had theretofore testified, were examined. Dr. Barta was not called to testify, but the following proceedings appear in the record:

"By the Commission: Here is a report signed by Dr. E. F. Barta, dated September 3, 1932, showing that on November 21, 1931, blood, sugar (fasting) 93 Mg C 100, Ml of blood. November 24, 1931, Wasserman blood test, negative. They were by order of Dr. Maercklein of Seaman Body Corporation.

"By the Commission: What does 93 Mg for 100 Ml of blood mean?

"By Dr. Maercklein: That means normal amounts of blood sugar.

"By Mr. Tarrell: Now Dr. Maercklein, from this report just read into the record from Dr. Barta does it show that he made any blood cultures?

"Dr. Maercklein: The report shows that no blood cultures were made."

In this action, as in the subsequent hearing before the commission, pursuant to its order of August 30, 1932, plaintiff challenges the commission's power to vacate the award of August 10, 1932, upon the showing in the affidavits referred to. The only power which the commission has to set aside an award is such as is conferred by the following provision in sec. 102.18, Stats., to wit:

"The commission may on its own motion, set aside, modify or change its order, findings or award at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly-discovered evidence."

The words "set aside" and "or upon the grounds of newly-discovered evidence" were inserted in that provision by ch. 517, Laws of 1927. Before those amendments were made, this court, in recognition of the remedial purpose of the law, had held that "the provision should be given no narrow construction." *Jordan v. Weinman,* 167 Wis. 474, 167 N. W. 810. That liberal rule of construction continues applicable. However, the power conferred is not arbitrary. Whether the power to act is resorted to upon the ground of mistake or upon the ground of newly-discovered evidence, there is no basis for its exercise unless there was in fact either a "mistake," or there is in fact "newly-discovered evidence," within the well defined and well understood meanings of those terms in the law. *Welhouse v. Industrial Comm., ante,* p. 163, 252 N. W. 717. It has been well established that in order to come within the meaning of the term "newly-discovered evidence," when that is relied upon as ground for a new or further hearing, it is essential, in connection with other conditions (not here material), that the evidence in question first came to the applicant's knowledge subsequent to the trial or hearing; that he was

not negligent in seeking to discover it; and that it is not merely cumulative to evidence theretofore introduced on the trial or hearing. *Wilson v. Plank,* 41 Wis. 94; *Gans v. Harmison,* 44 Wis. 323; *Miller Saw-Trimmer Co. v. Cheshire,* 177 Wis. 354, 189 N. W. 465; *Belt Line Realty Co. v. Dick,* 202 Wis. 608, 233 N. W. 762; *Toledo Scale Co. v. Colleran,* 212 Wis. 502, 250 N. W. 377. In each of those respects, the evidence in question in the case at bar cannot be held to be "newly-discovered." Manifestly, plaintiff knew ever since November 19, 1931, that he, accompanied by Kiesz, had gone to the office of Dr. Maercklein, who then and on the succeeding days made examinations and tests of plaintiff; and that on November 20, 1931, at plaintiff's home, Dr. Barta examined plaintiff, made tests, and stated that he would complete the analysis of the blood in his laboratory. Either plaintiff, or at least his attorney, knew at the first hearing that Dr. Maercklein then testified that he remembered going to the house to have the blood test, and that the November 20th examination revealed the following:

"Urine: acid reaction, specific gravity 10.16, albumin and sugar negative; blood: sugar 93 milograms, which is normal; Wasserman, negative."

Further, the proposed evidence on those subjects in so far as it was at all material, was merely cumulative excepting in so far as Dr. Barta was named as the physician who made the blood test. However, the results of this test had been put in evidence on the first hearing. Those results were not set out in the affidavits, and even on the subsequent hearing Dr. Barta was neither called, nor were the results of his examination established by any competent evidence. On the other hand, the report as to Dr. Barta's tests, which was produced by the commission, was merely cumulative in that it was but to the same effect as the report testified to by Dr. Maercklein on the first hearing.

Under the circumstances there is no basis in the record for the commission's statement in its order of August 30, 1932, that "a sufficient showing has been made" to warrant setting aside its award of August 10, 1932, on the ground of newly-discovered evidence. Consequently, the commission's order of August 30, 1932, is in excess of its powers, and that constitutes ground for setting it aside in court. Sec. 102.23 (1) (a), Stats.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment setting aside the order made by the Industrial Commission on August 30, 1932.