Moore, Special Administratrix, Respondent, vs. Industrial Commission and another, Appellants.*

*April 11—May 6, 1958.*

\* Motion for rehearing denied, without costs, on June 26, 1958.

212

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Baumblatt & Goodman* of Racine, and oral argument by *Leonard P. Baumblatt.*

CURRIE, J. The controlling statute on this appeal is sec. 102.18 (4), Stats. The material part of such statute reads as follows:

". . . It [the commission] may also on its own motion, set aside, modify, or change any order, findings, or award (whether made by an individual commissioner, an examiner, or by the commission as a body) at any time within twenty days from the date thereof if it shall discover any mistake therein, or upon the grounds of newly discovered evidence. . . ."

The above statute confers upon the commission the power "on its own motion" to set aside an order or award upon the ground of newly discovered evidence. We deem it to be implicit in such statute that a party may make such motion. This was done in *Seaman Body Corp. v. Industrial Comm.* (1934), 214 Wis. 279, 252 N. W. 718, and such right to make the motion was not questioned in that case.

The first question which confronts us on this appeal is whether we should invoke the presumption of regularity that attends the actions of public boards and officers and hold that the commission did deny the applicant's motion to open up the case to take further testimony because of newly discovered evidence, and, in so doing, that it acted in the proper exercise of its discretion. We are convinced that this is not a proper case in which to invoke such presumption of regularity for reasons which we will explain.

In the first place, we do not believe it would be in keeping with the spirit and objectives of the Workmen's Compensation Act to resort to such a presumption here. Situations can be envisaged, where the denial of an application to open up the case to take further testimony because of newly discovered evidence, would to all intents and purposes deny to an applicant the right to present a meritorious application to the commission to which there was no defense. Such a situation might occur where the applicant, through no fault

of his, was unable to adduce evidence at the hearing before the examiner on one link in the chain of proof necessary to entitle him to an award. However, a few days after the entry of the examiner's order dismissing the application the applicant, through some fortuitous happening, became possessed of the evidence to prove such missing link, and petitions for an opening up of the case to take testimony. The commission then enters an order affirming the order of the examiner. Under such circumstances, for a reviewing court to invoke the presumption of regularity and hold that the commission properly exercised its discretion, would render the Workmen's Compensation Act a mockery.

Secondly, the holding of this court in *Seaman Body Corp. v. Industrial Comm., supra,* discloses that the commission does not have unlimited discretion in acting upon an application to set aside the examiner's order because of newly discovered evidence. The action of the commission in granting the application was reversed on the ground that the alleged "newly discovered evidence" did not qualify as such within the well-defined and well-understood meaning of such phrase. Therefore, if a practice were approved of permitting the commission's bare affirmance of the examiner's order dismissing the application to stand as a valid denial of the application to open up the case because of newly discovered evidence, there would be no way of reviewing a denial which had been based upon some invalid but undisclosed basis that would not qualify as a sound exercise of discretion by the commission.

In the absence of any presumption, there is no affirmative showing in this record that the commission ever passed upon applicant's petition to open up the case because of the newly discovered evidence. The learned trial judge in his able memorandum decision expresses doubt that the commission ever did consider such petition and we share in such doubt. In the first place, the order affirming the examiner's order was a printed form which was not designed to cover situa-

tions where an application to open up the case because of newly discovered evidence was before the commission. Secondly, the newly discovered evidence, especially Dr. Hemphill's letter, so completely changed the fact situation as presented before the examiner that it is hard for us to conceive that the commissioners would not have been as greatly impressed by it as were the trial judge and the members of this court.

The brief of the attorney general, in support of his contention that the action of the commission on ruling on an application to open up the case because of newly discovered evidence, cites *Schneider Fuel & Supply Co. v. Industrial Comm.* (1937), 224 Wis. 298, 301, 302, 272 N. W. 25, and *Harrison v. Industrial Comm.* (1944), 246 Wis. 106, 107, 108, 16 N. W. (2d) 303. These cases merely hold that court proceedings may not be instituted under sec. 102.23 (1), Stats., to review any order of the commission except one denying or granting compensation. In the *Schneider Fuel & Supply Co. Case* the court held that the action by the employer and its insurance carrier to review an intermediate order of the commission was premature, thus clearly implying that the plaintiffs could attack such intermediate order if they waited until an award of compensation was entered, and then brought a circuit court action to review such final order. The action in the instant case is one to review an order denying compensation entered after the applicant had moved to open up the case on the ground of newly discovered evidence.

In *Seaman Body Corp. v. Industrial Comm., supra,* court review was sought by an employer of an order granting compensation. The commission first had entered an order denying compensation. Then within twenty days thereafter the applicant moved that such order be set aside because of newly discovered evidence. The commission granted such motion and after taking further testimony entered an order awarding compensation. The employer then instituted review in the

circuit court of such order allowing compensation and attacked the commission's action in setting aside its first order. This court on appeal held that the alleged newly discovered evidence did not qualify as such and reversed. We consider that the *Seaman Body Corp. Case* clearly establishes that the commission's action with respect to an application to open up the case because of newly discovered evidence is reviewable if followed by an order either granting or denying compensation and the court action for review is grounded on such final order.

We recognize that the legislature has limited the scope of court review of orders of the commission. Mere error is not reviewable but only an action which is in excess of the commission's powers. Sec. 102.23 (1), Stats. However, for reasons already stated herein, we hold that the commission does act in excess of its powers when it fails to pass upon a timely application to open up the case on the ground of newly discovered evidence.

The attorney general further urges that the effect of the judgment of the circuit court is to interfere with the exercise of discretion by the commission in a field where the commission is the absolute arbiter. We have been careful not to ground this opinion on any theory of reversing an abuse of discretion by the commission. However, we do not concede that the commission's failure to grant a timely application to open up a case because of newly discovered evidence may never be reversed on court review.

The brief of the attorney general sets forth the following quotation from *Christnovich v. Industrial Comm.* (1950), 257 Wis. 235, 237, 43 N. W. (2d) 21:

"Applicant contends that the commission should not have entered a final award but should have ordered the taking of additional testimony. The taking of additional testimony on petition for a review of an examiner's findings and order is a matter for the sole discretion of the commission."

In the light of the further analysis of the problem we have now been required to make in passing on the instant appeal, we deem that the last sentence of the above quotation from the *Christnovich Case* may be open to misinterpretation. Suffice it to say, it would need be a flagrant abuse of discretion by the commission, in denying an application to open up a case on the ground of newly discovered evidence, in order to permit a reviewing court to determine that the commission acted in excess of its powers.

The chief objective of the Workmen's Compensation Act is to provide workmen's compensation benefits to an employee, or his dependents, where the employee has incurred disability or death due to accidental injury or occupational disease under the conditions specified in sec. 102.03, Stats. The commission is the agency which the legislature has clothed with the power and duty to administer the act. The power to set aside an order of an examiner denying compensation and open up the case for the purpose of taking further testimony because of newly discovered evidence carries with it the correlative duty so to do in a situation where such objective of the act would be completely thwarted by the nature of the original hearing conducted before the examiner. The chance of such a situation presenting itself may be extremely rare, but if the commission in such a case fails to perform its duty, a reviewing court has the undoubted jurisdiction to hold that the commission acted in excess of its powers. A failure to perform a delegated duty may be an act in excess of the commission's powers as well as a positive act.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.