NELSON MILL & AGRI-CENTER, INC., and another, Appellants, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 278. Submitted under sec. (Rule) 251.54 February 5, 1975.—
Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 435.)

For the appellants the cause was submitted on the briefs of *Axley, Brynelson, Herrick & Gehl* of Madison; and for the respondents the cause was submitted on the joint brief of *Robert W. Warren,* attorney general, and *Gordon Samuelsen,* assistant attorney general, for the Department of Industry, Labor & Human Relations, and by *W. A. Kirkpatrick* and *Hale, Skemp, Hanson, Schnurrer & Skemp,* all of LaCrosse, for Ralph A. Torgerson.

ROBERT W. HANSEN, J. The issue presented here is whether, under the circumstances of this case, the appellant employer and its insurer were denied a full and fair hearing after reasonable notice. The state's Workmen's Compensation Act provides: "All parties shall be afforded opportunity for full, fair, public hearing after

reasonable notice . . . ." (Sec. 102.18 (1) (a), Stats.) The act further provides: "Either party shall have the right to be present at any hearing, in person or by attorney, or any other agent, and to present such testimony as may be pertinent to the controversy before the department. . . ." (Sec. 102.17 (1) (am).) The same section of the same statute provides that such hearing ". . . may be adjourned in the discretion of the department, . . ." (sec. 102.17 (1) (a)) and this court has recently held that the department's refusal to adjourn a hearing is a matter ". . . committed to agency discretion, and the scope of judicial review is thus narrow." (*Theodore Fleisner, Inc. v. ILHR Department* (1974), 65 Wis. 2d 317, 326, 222 N. W. 2d 600.)

To permit a reviewing court to determine that the department, in refusing to recess or reopen a hearing, acted in excess of its powers, this court has held that ". . . it would need be a flagrant abuse of discretion . . . ." (*Moore v. Industrial Comm.* (1958), 4 Wis. 2d 208, 218, 89 N. W. 2d 788.) In *Moore,* this court found such flagrant abuse of discretion where the department failed to rule on a petition to reopen a hearing because of crucial new evidence discovered between the time of the hearing examiner's decision and review by the department. (*Id.* at page 218.) However, with newly discovered evidence the basis for the petition to reopen, the *Moore* holding did not involve or revolve upon the requirements of the advance notice sent by the department to all parties to the proceeding in advance of the hearing. In the case before us, that notice provided:

"*NOTE:* Immediately upon receipt of this notice, necessary witnesses should be informed and definite arrangements made for their attendance. If you are not prepared or entirely certain that you can fully proceed, notify us immediately; otherwise hearing must proceed to conclusion as scheduled.

"Continuances will be granted only upon consent of the department. They are not granted for the convenience of the parties or by agreement of the parties. Parties seeking payment of medical and hospital bills must obtain and bring itemized bills to hearing."

Such notice here clearly and unequivocally notified the parties involved that, unless the department was notified in advance of inability to produce necessary witnesses, the hearing "must proceed to conclusion as scheduled." It informed the parties the continuances will be granted "only upon consent of the department," and, more particularly, that such continuances were not granted "for the convenience of the parties or by agreement of the parties." We cannot hold such limitations on the right to seek and secure continuances to be unreasonable where advance notice as to them is given. They serve what this court has termed an evident purpose of the Workmen's Compensation Act, to wit: ". . . to provide for a speedy disposition . . . and to prevent, as far as possible, delays that might arise from protracted litigation. . . ." (*Gough v. Industrial Comm.* (1917), 165 Wis. 632, 635, 162 N. W. 434.) As this court has said, "'. . . the legislature, in passing the workmen's compensation act, in the interest of speedy justice for the workingmen, sought to limit appeals and protracted litigation.'" (*R. T. Madden, Inc. v. ILHR Department* (1969), 43 Wis. 2d 528, 536, 169 N. W. 2d 73, quoting the concurring opinion of Mr. Justice CROWNHART in *McCarthy v. Sawyer-Goodman Co.* (1927), 194 Wis. 198, 205, 215 N. W. 824.)

No flagrant abuse of discretion was found in *Fleisner* where the department examiner refused to grant an adjournment of hearing to permit introduction of the direct testimony of two treating physicians. There this court gave, as one ground for refusing to reverse, the identical notice sent, there as here, to all parties prior to the hear-

ing, and stated: ". . . Plaintiffs never notified the department they were not fully ready to proceed, despite knowing that they had not received all the medical reports. Plaintiffs requested a continuance for the first time during the hearing." (*Theodore Fleisner, Inc. v. ILHR Department, supra,* at page 330.) As to failure to give notice in advance of the hearing, or unreadiness to proceed, and as to requesting a continuance for the first time during the hearing, the plaintiffs in the case before us are in the same status and position as were the plaintiffs in *Fleisner*. With the order of the hearing examiner being an interlocutory order, dealing with temporary disability up to the date of the hearing, and jurisdiction reserved as to the issue on permanent disability, we cannot find here a flagrant abuse of discretion in such examiner's denial of plaintiffs' request for a continuance. The three elements of a fair hearing in workmen's compensation proceedings are: " '. . . (1) The right to seasonably know the charges or claims proffered; (2) the right to meet such charges or claims by competent evidence; and (3) the right to be heard by counsel upon the probative force of the evidence adduced by both sides and upon the law applicable thereto.' " (*Id.* at page 326, quoting *State ex rel. Richey v. Neenah Police & Fire Comm.* (1970), 48 Wis. 2d 575, 580, 180 N. W. 2d 743.) In view of the department notice informing the parties that, in the absence of notification by a party that it is unready or unable to fully proceed, the scheduled hearing "must proceed to conclusion as scheduled," we agree with the circuit court holding that no flagrant abuse of discretion was involved in the hearing examiner's denial of plaintiffs' mid-hearing request for a continuance.

*By the Court.*—Judgment affirmed.