APPLETON ELECTRIC COMPANY, Plaintiff-Appellant, v. MINOR, and another, Defendants-Respondents.

Supreme Court

*No. 77–047.   Submitted on briefs September 12, 1979. —Decided October 9, 1979.*

(Also reported in 284 N.W.2d 99.)

For the appellant the cause was submitted on the brief of *Kevin E. O'Neill,* attorney, of Milwaukee, and *Joseph M. Amidon,* of counsel, of Madison.

For the Department of Industry, Labor & Human Relations the cause was submitted on the brief of *Uclair W. Brandt,* chief counsel, and *Barry M. Levenson,* attorney, Job Service Division.

PER CURIAM. The Appleton Electric Company, plaintiff-appellant, appeals from a judgment affirming the decision of the Department of Industry, Labor and Human Relations which modified and affirmed the decision of an appeal tribunal holding that John E. Minor, defendant-respondent, was not discharged for misconduct connected with his employment within the meaning of sec. 108.04(5), Stats., and was therefore eligible for unemployment compensation based on his employment with the Appleton Electric Company.

Minor, the employee, worked as a die cast operator for the appellant. During the course of his employment he was required to spray a die lubricant on certain materials. Fifteen or twenty minutes before his shift ended Minor approached his supervisor and stated he had sprayed some die lubricant on his person and asked per-

mission to take a shower. Permission was denied; however, Minor proceeded to take a shower contrary to the directions of his supervisor. His supervisor recommended that the employee be discharged for insubordination, and the next day his employment was terminated.

The principal evidentiary issue is the extent to which the die lubricant had been sprayed upon the person of Minor. A department deputy interviewed Minor in response to his initial application for unemployment compensation. It appears that at this time Minor signed a statement in which he said the fluid had sprayed on his face and he had told his supervisor he was going to take a shower to clean his face. On the basis of this statement the department deputy found that Minor had been discharged for misconduct connected with his employment and denied him benefits.

Minor then requested a hearing before the appeal tribunal. At the hearing the supervisor testified that Minor approached him fifteen minutes before the end of his shift and wanted to take a shower because the lubricant had sprayed on his face. The supervisor could not see any lubricant on Minor's face and told him to wait until the end of the shift. Minor disregarded this instruction and proceeded to take a shower. Whereupon the supervisor recommended his discharge for insubordination and Minor was discharged the following day. The supervisor did not know whether Minor had an existing dermatology problem.

At the hearing and contrary to his statement to the department deputy, Minor testified the lubricant had sprayed on his clothing to the extent that it had penetrated his clothing and was on his body and that he had a dermatology problem, and that his employer was aware of the problem.

Important in this case is the fact that every reasonable inference leads to the conclusion that the employer knew

of the prior inconsistent statement of Minor to the department deputy and it was not introduced into evidence.

Sec. Ind-UC 140.05(6) of the Wisconsin Administrative Code permits signed statements from the investigation to be used in evidence at a hearing: "signed statements of parties can be used if received in evidence at a hearing."

At the hearing the personnel officer of the employer testified. She testified that the company knew Minor had a dermatology problem although there was nothing in the record to indicate that contact with the die lubricant would aggravate it. Also in an attempt to bring the discharge within the rule of *Checker Cab Co. v. Industrial Comm.*, 242 Wis. 429, 8 N.W.2d 286 (1943), she testified as to prior employment problems with Minor, thereby asserting that his disobedience of the order of his supervisor on his last day of employment was not the sole cause of his discharge.

The appeal tribunal reversed the initial determination and allowed benefits. After making its findings of fact the tribunal concluded the conduct of Minor did not evince such willful, intentional or substantial disregard for the employer's interests as would constitute misconduct connected with his employment. *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 296 N.W. 636 (1941).

The appellant then petitioned the commission for review of the appeal tribunal decision. In doing so the appellant transmitted a letter to the department stating that the employee had contradicted his own statement regarding the circumstances of his discharge. This apparently refers to the statement Minor gave to the department deputy which had not been offered in evidence. No request was made to reopen the case.

The commission reviewed the evidence, modified the findings of the appeal tribunal and affirmed the decision as so modified, and in doing so found that the findings of the tribunal were supported by the evidence.

The employer then brought an action to review the decision of the department in the circuit court. The circuit court affirmed the decision of the department, and this appeal follows.

On appeal the appellant raises issues as to whether there was credible evidence to support the finding that the employee was discharged solely because of his conduct on February 25, 1976, his last day of employment; whether there was credible evidence to support the commission's finding that the employee reasonably believed the die lubricant would irritate his skin, thus justifying his misconduct; and that the commission acted in excess of its powers in choosing not to exercise its discretionary power to order further proceedings.

As to the first issue, appellant contends that the commission erred in considering only the last incident for which respondent was fired. The question before this court is not whether there is credible evidence in the record to support a finding the commission did not make, but whether there is any credible evidence to support the finding the commission did make. *R. T. Madden, Inc v. ILHR Dept.*, 43 Wis.2d 528, 537, 169 N.W.2d 73 (1969); *Vasquez v. ILHR Department*, 39 Wis.2d 10, 18, 158 N.W. 2d 331 (1968); *Unruh v. Industrial Comm.*, 8 Wis.2d 394, 398, 99 N.W.2d 182 (1959). It is not the function of this court to determine whether the findings that were not made should have been made or could have been sustained by the evidence. *Eastex Packaging Co. v. DILHR*, 89 Wis.2d 739, 745, 279 N.W.2d 248 (1979).

As for the second issue, findings of fact made by the department are conclusive if supported by any credible evidence in the record. *R. T. Madden, Inc. v. ILHR Dept.*, *supra*, at 547; *Sears, Roebuck & Co. v. ILHR Department*, 90 Wis.2d 736, 744, 280 N.W.2d 240 (1979). It is our

conclusion there is credible evidence in the record to support the findings of the department.

The final contention of the appellant is that the commission exceeded its power and denied appellant due process of law by failing to consider respondent's statement dated March 31, 1976, in which he stated, among other things, that he had sprayed die lubricant on his face. Appellant contends that when the commission became aware of the discrepancy between that statement and the respondent's testimony before the appeal tribunal in which he stated that he sprayed die lube all over himself, it was required to investigate the matter further.

Sec. 108.09 (6) (b), Stats., states:

"(b) Any party may petition the commission for review of an appeal tribunal decision, pursuant to general department rules, if such petition is received by the department within 14 days after the appeal tribunal decision was mailed to the party's last-known address. Promptly after the receipt of a petition, the commission shall dismiss it if not timely at any level or, if timely, may affirm, reverse, change, or set aside the appeal tribunal decision, on the basis of the evidence previously submitted in such case or it may order the taking of additional evidence as to such matters as it may direct and thereafter make its findings and decision."

Clearly, the commission may affirm, reverse, change, or set aside the decision of an appeal tribunal "on the basis of the evidence previously submitted in such case." As previously stated, the statement of Minor could have been offered and received in evidence. This was never done and therefore the commission was without authority to consider that statement in making its decision, and obviously did not exceed its powers in failing to consider it.

Sec. 108.09 (6) (b), Stats., also provides that the commission may order the taking of additional evidence.

This court has stated that:

". . . The taking of additional testimony on a petition for a review of an examiner's findings and order is a matter for the sole discretion of the commission. . . ." *Christnovich v. Industrial Comm.*, 257 Wis. 235, 237, 238, 43 N.W.2d 21 (1950). *See also: Kenneth F. Sullivan Co. v. Industrial Comm.*, 25 Wis.2d 84, 90, 91, 130 N.W.2d 194 (1964).

And it would need to be a flagrant abuse of discretion by the commission, in denying an application to reopen a case, in order to permit a reviewing court to determine that the commission acted in excess of its powers. *Moore v. Industrial Comm.*, 4 Wis.2d 208, 218, 89 N.W.2d 788 (1958) ; *Theodore Fleisner, Inc. v. ILHR Department*, 65 Wis.2d 317, 328, 222 N.W.2d 600 (1974) ; *Nelson Mill & Agri-Center, Inc. v. ILHR Dept.*, 67 Wis.2d 90, 94, 226 N.W.2d 435 (1975).

This court, then, must determine whether the commission abused its discretion in failing to investigate when it learned of the discrepancy in respondent's statements.

In the instant case, the commission did not fail to pass upon a timely application to open this case for additional evidence, as in the *Moore Case*. Appellant made no application or request to reopen this case. By letter dated June 3, 1976, appellant petitioned the commission for review of the appeal tribunal's decision. In that letter appellant pointed out:

". . . Mr. Minor contradicted his own statements regarding the circumstances leading to his discharge. In the first hearing he stated that the die lube had gotten on his face only, and that the supervisor had denied permission for Mr. Minor to go shower because the supervisor did not see it on his face. During the first hearing John also admitted that the 1st shift supervisor, Tony Nondorf, had asked him if he had spilled the lubricant on his body. Mr. Minor admitted that he had not,

but the backspray had gotten on his face. During the hearing on May 13, Mr. Minor changed his story and stated that the lube had covered his entire body . . . ."

Although appellant pointed out to the commission that there may have been a discrepancy in respondent's testimony, appellant did not request the commission to order the taking of additional evidence.

Furthermore, in *Moore v. Industrial Comm., supra,* this court held that the commission abused its discretion where it failed to rule on a petition to reopen a hearing because of crucial new evidence discovered between the time of the hearing examiner's decision and the review by the commission. In this case there was no such abuse of discretion.

There is no suggestion that the appellant did not know of the existence of the statement prior to the hearing. In fact we believe all reasonable inferences lead to the conclusion that the appellant did know of both its existence and its contents. Therefore, appellant had the opportunity to request that respondent's statements be placed in evidence and to cross-examine respondent about those statements. Yet appellant's representative made no attempt at the hearing to do either. It cannot be said that there was an abuse of discretion by the commission in failing to reopen the case to take evidence which appellant neglected to offer when it had the opportunity to do so at the hearing, and the appellant was therefore not denied any fundamental due process right.

The judgment of the circuit court is affirmed.