Steven THEUER, Plaintiff-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Ganton
Technologies, Inc. and North River Insurance Com-
pany, Defendants-Respondents.

Supreme Court

*No. 00–1085. Oral argument February 28, 2001.—Decided
April 3, 2001.*

2001 WI 26

(Also reported in 624 N.W.2d 110.)

†Motion for reconsideration denied June 6, 2001.

31

For the plaintiff-appellant there were briefs (in the Court of Appeals) by *John A. Becker* and *Becker, French & DeMatthew*, Racine, and oral argument by *John Becker*.

For the defendant-respondent, Labor & Industry Review Commission, the cause was argued by *Stephen M. Sobota*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

For the defendants-respondents, Ganton Technologies, Inc., and North River Insurance Company, there was a brief (in the Court of Appeals) by *Robert P. Ochowicz* and *Patti J. Kurth*, Milwaukee, and oral argument by *Robert P. Ochowicz*.

An amicus curiae brief was filed (in the Court of Appeals) by *William R. Sachse, Jr., Ricardo Perez* and *Peterson, Johnson & Murray, S.C.*, Milwaukee, on behalf of Wisconsin Manufacturers and Commerce, and oral argument by *William R. Sachse, Jr.*

An amicus curiae brief was filed (in the Court of Appeals) by *Thomas J. Flanagan, Hope K. Olson* and *Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C.*, Milwaukee, on behalf of the Wisconsin State AFL-CIO.

¶ 1.  SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This case comes before the court on certification from the court of appeals, pursuant to Wis. Stat. § (Rule) 809.61 (1997–98).[1] Steven Theuer appeals an order of the Circuit Court for Racine County, Richard J. Kreul, Judge. The circuit court affirmed a decision of the Labor and Industry Review Commission (the Commission) that health insurance premiums are excluded from calculating an employee's average weekly wage under Wis. Stat. § 102.11(1)(e) to determine disability benefits.[2]

---

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[2] Wisconsin Stat. § 102.11(1)(e) provides: "Where any things of value are received in addition to monetary earnings as a part of the wage contract, they shall be deemed a part of earnings and computed at the value thereof to the employe."

¶ 2. The sole dispute in this case involves a question of statutory interpretation. Did the Commission in this worker's compensation case properly exclude health insurance premiums when calculating an employee's average weekly wage under Wis. Stat. § 102.11(1)(e) for disability benefits? More specifically, are health insurance premiums a thing of value received in addition to monetary earnings as a part of the wage contract under § 102.11(1)(e)? The Commission concluded that health insurance premiums are not a thing of value received in addition to monetary earnings as a part of the wage contract under § 102.11(1)(e). This conclusion is a reasonable interpretation of the statute, and accordingly we affirm the judgment of the circuit court affirming the decision of the Commission.

I

¶ 3. The facts were either admitted in the pleadings or stipulated to by the parties. Steven Theuer suffered a work-related injury on October 29, 1997, while employed by defendant Ganton Technologies, Inc. At the time of his injury, Theuer received an average weekly salary of $506.86. His employer also contributed $77.14 each week toward Theuer's health insurance. Theuer's labor agreement provided that the employer would continue to pay the health insurance premiums for 90 days when an employee was out of work due to a work-related injury. Following the expiration of the 90-day period, Theuer was no longer covered by his employer's health insurance plan. Instead, he had the option of extending this coverage by paying premiums of $626.61 per month.

¶ 4. The Department of Workforce Development (DWD) excluded the cost of the health insurance premiums in determining Theuer's average weekly wage

under Wis. Stat. § 102.11, from which his worker's compensation benefits were calculated. Theuer appealed, contending that the DWD should have included the cost of health insurance premiums in calculating his average weekly wage. An administrative law judge rejected Theuer's argument, concluding that the exclusion of fringe benefits such as health insurance premiums reflected longstanding DWD policy. The Commission affirmed the administrative law judge, stating that under its longstanding interpretation of Wis. Stat. § 102.11(1)(e), only taxable compensation was included in the calculation of an employee's average weekly wage. The circuit court affirmed the Commission's decision.

## II

¶ 5.   The facts are undisputed and the sole question for this appeal is whether Wis. Stat. § 102.11(1)(e), which was adopted in 1937,[3] requires the inclusion of health insurance premiums in calculating an employee's average weekly wage for the purpose of disability benefits. The interpretation of a statute and its application to undisputed facts are questions of law that courts generally review under a de novo standard.[4] The courts have recognized, however, that when the legislature has vested a state agency with the administration of a statute, the agency's decision, although not controlling, is entitled to deference. The court has set forth three standards of deference: great

---

[3] Section 3, ch. 180, Laws of 1937.

[4] *Hagen v. LIRC*, 210 Wis. 2d 12, 18, 563 N.W.2d 454 (1997).

weight deference, due weight deference, or no deference.[5]

¶ 6.    The parties disagree about the proper level of deference we should give to the Commission's interpretation of Wis. Stat. § 102.11(1)(e) in this case. Ganton Technologies and the Commission, the defendants, urge that the Commission's interpretation should be accorded great weight deference. This court has previously stated that great weight deference is appropriate in the following circumstances:

1)    the agency is charged by the legislature with administering the statute;

2)    the interpretation of the agency is one of long standing;

3)    the agency employed its expertise or specialized knowledge in forming the interpretation; and

4)    the agency's interpretation will provide uniformity in the application of the statute.[6]

The weight that is due an agency's interpretation of the law thus depends on the comparative institutional capabilities and qualifications of the court and the administrative agency.[7]

¶ 7.    The first, third, and fourth elements are present in this case: The Commission is charged by the legislature with administering the worker's compensation law; the Commission employed its expertise in its

[5] *Id.*

[6] *CBS, Inc. v. LIRC,* 219 Wis. 2d 564, 572, 579 N.W.2d 668 (1998).

[7] *State ex rel. Parker v. Sullivan,* 184 Wis. 2d 668, 699, 517 N.W.2d 449 (1994).

interpretation of the statute; and the Commission's interpretation of the statute provides uniformity in the application of the statute. The parties disagree, however, about the second element for great weight deference, namely, whether the Commission's interpretation of Wis. Stat. § 102.11(1)(e) is of long standing.

¶ 8. In its order affirming the decision of the administrative law judge in the present case, the Commission asserts that the DWD "has never considered fringe benefits including health insurance as a thing of value and part of the weekly wage under Wis. Stat. § 102.11(1)(e)."

¶ 9. As support for this assertion the Commission relies on its longstanding administrative interpretation of this statute, which appears in its publications dating back to at least 1956.

¶ 10. The worker's compensation manual now published by the DWD and the prior editions of the manual reflect the Commission's policies and procedures for administering worker's compensation benefits. The manual includes directions for interpreting and applying Wis. Stat. § 102.11. The relevant section, entitled "Wage," specifies the means for calculating wages based on salary; bonus payments; tips; the value of room, board, and laundry; and vacation pay. The manual does not include health insurance premiums within the definition of wages in § 102.11. The 1956 and 1968 versions of the manual define wages as follows:

> To assure payment of the exact amount of compensation due, the proper determination of wage must be made in accordance with the provisions of Wis. Stat. § 102.11. The difficulty arises from the many

possible situations concerning reimbursement for services rendered. Employment may be full or part time. Payment may be by fixed weekly or monthly salary or by hourly rate. To this may be added piece rate, incentive pay, shift differential, bonus and vacation pay. Many salesmen are paid on a commission or guarantee and commission. Many service employes receive tips. Those handling food often receive meals while others are furnished a room or laundry service.[8]

¶ 11.  The current form through which employers report injuries appears in the DWD's worker's compensation manual.[9] The form requires employers to report the injured employee's salary, along with the meals, lodging, and tips received on a weekly basis by the employee. This form does not require reporting health insurance premiums or other non-taxable fringe benefits paid by the employer.

¶ 12.  The defendants rely solely on the Commission's administrative interpretation appearing in these publications. They do not cite any administrative agency cases or Wisconsin court cases to support their assertion that the Commission's decision in the present

---

[8] Worker's Compensation Office Manual at 47–51 (1956); *see also* Worker's Compensation Office Manual at 1–20 through 1–24 (1968). Courts may take judicial notice of official state agency publications. *See* Wis. Stat. § 902.03(1)(b); *Hagen v. LIRC*, 210 Wis. 2d at 21.

The 1956 version also includes procedures for calculating the value of apprentice training. *See* Worker's Compensation Office Manual at 48 (1956). This category is no longer included in the department's calculation of wages under Wis. Stat. § 102.11, and does not appear in the revised version of the manual.

[9] *See* DWD Form WKC–12, Worker's Compensation Handbook at 135 (2000).

case represents the Commission's longstanding interpretation of Wis. Stat. § 102.11(1)(e). Theuer, in contrast, directs our attention to two recent decisions of administrative law judges that included health insurance premiums in the calculation of the average weekly wage under Wis. Stat. § 102.11(1)(e). Theuer argues that these decisions are proof that the Commission's interpretation of Wis. Stat. § 102.11(1)(e) is not of long standing and that furthermore the Commission has not consistently interpreted the statute.

¶ 13.   We are not persuaded by Theuer's argument. Unreviewed administrative law judge decisions regarding Chapter 102 are not binding on the Commission and do not constitute the Commission's authoritative interpretation of a statute. Indeed, Wis. Stat. § 102.18 accords the Commission substantial authority and discretion to review decisions of administrative law judges, either by petition of one of the parties[10] or on its own motion.[11] However, the Com-

[10] *See* Wis. Stat. § 102.18 (3), which provides inter alia:

A party in interest may petition the commission for review of an examiner's decision awarding or denying compensation if the department or commission receives the petition within 21 days after the department mailed a copy of the examiner's findings and order to the party's last-known address. . . .The commission shall either affirm, reverse, set aside or modify the findings or order in whole or in part, or direct the taking of additional evidence. This action shall be based on a review of the evidence submitted.

[11] *See* Wis. Stat. § 102.18(4), which provides, inter alia:

(b)   Within 28 days after a decision of the commission is mailed to the last-known address of each party in interest, the commission may, on its own motion, set aside the decision for further consideration.

(c)   On its own motion, for reasons it deems sufficient, the commission may set aside any final order or award of the commission or

mission is not required to review on its own motion every decision of an administrative law judge to ensure that its longstanding interpretations of statutes are applied uniformly. As a result, these recent, unreviewed decisions of administrative law judges are not proof sufficient for this court to reject the Commission's longstanding administrative interpretation of Wis. Stat. § 102.11 appearing in its publications. Because the Commission's interpretation in the present case satisfies the criteria this court has established for according the interpretation great weight deference, we agree with the defendants that great weight deference to the Commission's determination is appropriate in the present case.[12]

¶ 14.   Under the great weight deference standard of review a court will uphold the Commission's interpretation and application of Wis. Stat. § 102.11(1)(e) unless the Commission's interpretation is unreasonable.[13] An unreasonable interpretation of a statute is one that "directly contravenes the words of the statute,

---

examiner within one year after the date of the order or award, upon grounds of mistake or newly discovered evidence, and, after further consideration, do any of the following:

1.   Affirm, reverse or modify, in whole or in part, the order or award.

2.   Reinstate the previous order or award.

3.   Remand the case to the department for further proceedings.

[12] *CBS, Inc.*, 219 Wis. 2d at 572.

[13] *Wisconsin Electric Powers Co. v. LIRC*, 226 Wis. 2d 778, 787, 595 N.W.2d 23 (1999); *CBS, Inc.*, 219 Wis. 2d at 573; *Hagen*, 210 Wis. 2d at 20.

is clearly contrary to legislative intent, or is otherwise. . .without rational basis."[14]

## III

¶ 15. We now turn to the Commission's interpretation of Wis. Stat. § 102.11(1)(e) to determine whether it directly contravenes the words of the statute, is clearly contrary to legislative intent, or is otherwise without rational basis. Wisconsin Stat. § 102.11(1)(e) directs the Commission to include in earnings any things of value received in addition to monetary earnings as a part of the wage contract. The statute provides as follows:

> (e)   Where any things of value are received in addition to monetary earnings as a part of the wage contract, they shall be deemed a part of earnings and computed at the value thereof to the employe.

¶ 16. The statute does not define the terms "things of value," "received," or "wage contract." The Commission's position is that health insurance premiums are excluded from the calculation of average weekly wage. The Commission interprets Wis. Stat. § 102.11(1)(e) "to include those things which are received which are taxable" and to exclude non-taxable fringe benefits such as meals for cost, insurance, and retirement contributions. Under the great weight deference standard, we review this interpretation of Wis. Stat. § 102.11(1)(e) to determine whether it is reasonable.

¶ 17. Theuer contends that under any standard of review, the Commission's interpretation of Wis. Stat.

---

[14]*Hagen*, 210 Wis. 2d at 20 (quoting *Lisney v. LIRC*, 171 Wis. 2d 499, 506, 493 N.W.2d 14 (1992)).

§ 102.11(1)(e) regarding health insurance premiums is unreasonable as contravening the plain words of the statute. Health insurance premiums, he asserts, are without question a "thing of value" within the plain meaning of the statute. Moreover, he contends that the Commission's interpretation contravenes legislative intent because it fails to construe the worker's compensation law, a remedial statute, liberally to effectuate its purpose of compensating the injured employee.[15]

¶ 18.   Although we agree with Theuer that payment of health insurance premiums is valuable to employees and that the phrase "thing of value" may reasonably be interpreted to include health insurance premiums, we conclude that the Commission's interpretation of Wis. Stat. § 102.11(1)(e) is also reasonable. The words "thing of value" cannot be read in isolation. The statute requires average weekly wages to include "any things of value. . .received. . .as part of the wage contract." Wis. Stat. § 102.11(1)(e).

¶ 19.   Both Theuer and the defendants direct our attention to other courts that have interpreted statutes similar to but not necessarily the same as Wis. Stat. § 102.11(1)(e). It is significant that courts interpreting a variety of statutory phrases defining wages for worker's compensation purposes have reached contradictory results in deciding whether wages include fringe benefits. Despite different statutory language, the reasoning in these cases is similar.

¶ 20.   Several jurisdictions have concluded that wages under their respective statutes do not include

---

[15] *United Wis. Ins. v. LIRC*, 229 Wis. 2d 416, 426, 600 N.W.2d 186 (1999); *State v. LIRC*, 136 Wis. 2d 281, 288, 401 N.W.2d 585 (1987).

fringe benefits.[16] The leading decision that wages do not include fringe benefits is *Morrison-Knudsen Construction Co. v. Director, OWCP*, 461 U.S. 624 (1983), a case that arose under the federal Longshoremen's and Harbor Workers' Compensation Act. The U.S. Supreme Court rejected the argument that tax-free fringe benefits should be included in the term wages. The Court was persuaded that certain fringe benefits do not have a present value that can be readily converted into a cash equivalent; that there is no direct relation between the cost of the fringe benefit and the benefit to the employee; and that an expanded definition of wages would disrupt the process for prompt compensation by making the computation of wages a disputed issue.

¶ 21. Professor Arthur Larson supports the *Morrison-Knudsen* decision in his treatise *Larson's Workers' Compensation Law*.[17]

---

[16] *See, e.g., Nelson v. SAIF Corp.*, 731 P.2d 429, 432 (Ore. 1987) (concluding that the word "received" does not encompass health insurance premiums because such premiums never come into an employee's physical possession); *Schlotfield v. Mel's Heating and Air*, 445 N.W.2d 918, 927 (Neb. 1989) (fringe benefits are not part of the wage contract because they are not the result of an employee's individual labor, but rather the fruit of collective bargaining).

Compare *International Paper Co. v. Murray*, 490 So. 2d 1238 (Ala. 1986) (fringe benefits are "allowances of any character" to be treated as part of an employee's earnings); *Ragland v. Morrison-Knudsen Co., Inc.*, 724 P.2d 519 (Alas. 1986) (readily identifiable and calculable fringe benefits should be included in wage determination).

[17] 5 *Larson's Workers' Compensation Law* § 93.01[2][b] at 93–21–24 (2000) (citing cases from several jurisdictions and noting that the U.S. Supreme Court's decision in *Morrison-Knudsen* represents the majority position on fringe benefits).

43

¶ 22.  Other courts, however, have concluded that wages include fringe benefits for purposes of their worker's compensation law. These courts tend to follow the reasoning of Justice Thurgood Marshall's dissent in *Morrison-Knudsen*, 461 U.S. at 638, that fringe benefits are an important part of an employee's earning power and that it is harsh to ignore these benefits. Regarding the difficulty of evaluating fringe benefits, the Justice wrote that "it is better to be roughly right than totally wrong."[18]

¶ 23.  The Commission apparently adopted the analysis that appears in the majority opinion in *Morrison-Knudsen* years before the U.S. Supreme Court did. One of the purposes of the Wisconsin worker's compensation law is to ensure speedy disposition of cases and to avoid protracted litigation.[19] The Commission's decision to distinguish taxable earnings from non-taxable fringe benefits when applying Wis. Stat. § 102.11(1)(e) is a bright-line rule that helps to promote this legislative goal of speedy compensation.

¶ 24.  Furthermore, this court has often referred to the balance that Chapter 102 strikes between employer and employee interests.[20] "Worker's compensation laws are basically economic regulations by which the legislature, as a matter of public policy, has

---

[18] *Morrison-Knudsen Constr. Co. v. Director, OWCP*, 461 U.S. 624, 642 (1983) (Marshall, J., dissenting).

[19] *See Nelson Mill & Agri-Center, Inc. v. ILHR Dept.*, 67 Wis. 2d 90, 95, 226 N.W.2d 435 (1975).

[20] *See, e.g., Bauernfeind v. Zell*, 190 Wis. 2d 701, 713, 528 N.W.2d 1 (1995) (worker's compensation represents a compromise in which employees give up the right to recover from employers in tort in exchange for the right to receive worker's compensation regardless of fault).

balanced competing societal interests."[21] Theuer's proposed interpretation of Wis. Stat. § 102.11(1)(e) would undoubtedly create additional costs for employers that would disrupt this careful balance. Indeed, Theuer admits that his interpretation of Wis. Stat. § 102.11(1)(e) would not be restricted to health insurance premiums, but would apply to other fringe benefits that have not traditionally been included in calculating worker's compensation awards. Thus, employers in collective bargaining situations, who agreed to certain fringe benefits with the understanding that these benefits were not considered wages under worker's compensation, would face new costs that were not part of the bargaining process.[22] Such a significant change in the careful balance that the worker's compensation scheme represents is best left to the legislature.[23]

¶ 25.   In light of the contradictory views from different jurisdictions on the issue of whether wages

---

[21] *Mulder v. Acme-Cleveland Corp.*, 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980).

[22] Indeed, as the Commission noted in its decision, Theuer's employer agreed as part of its union contract to continue paying health insurance premiums for 90 days after a work-related injury. This agreement illustrates how employees may bargain for additional protections that are beyond the scope of Wis. Stat. § 102.11(1)(e), such as continued payments of health insurance premiums.

[23] Wisconsin Stat. § 102.14(2) creates a council on worker's compensation to submit recommendations with respect to amendments to the worker's compensation statutes. The Council, composed of labor and business representatives, has met regularly over several decades and makes biennial reports on recommended statutory amendments. The legislature often adopts the Council's recommendations without change.

include fringe benefits, we can only conclude that the Commission's interpretation of Wis. Stat. § 102.11(1)(e) does not contravene the plain meaning of the statute, is consistent with the purposes of the worker's compensation act, and is reasonable. Under the great weight deference standard of review, a reviewing court may not second-guess a reasonable interpretation of a statute by the Commission. Applying the great weight deference standard, we uphold the Commission's interpretation as reasonable.

¶ 26.   For the reasons set forth, we conclude that the Commission's determination is reasonable and must be affirmed by this court.

*By the Court.*—The judgment of the circuit court is affirmed.